Nov. Term, 1846.

STEELE v. HANNA.

first fault in pleading, has obtained a verdict.    There must be a repleader.

*Per Curiam.*—The judgment is reversed.    Cause remanded, &c.

W. A. *Porter*, for the plaintiff.

J. W. *Payne*, for the defendant.

---

STEELE, Sheriff, &c., v. HANNA and Another.

The conclusion to the country of a plea of *nul tiel record* is wrong; but the plea can be objected to, on account of such conclusion, only by special demurrer.

A sheriff, by virtue of a *fieri facias*, sold certain real estate of the debtor for more than sufficient to satisfy the execution.    At the time of the sale, the sheriff had in his hands other executions against the same debtor on judgments younger than that under which the sale was made.    These younger judgments were for a larger amount, in the aggregate, than the balance of the purchase-money after payment of the execution on which the sale was made. *Held*, that the whole of the purchase-money should be paid to the sheriff; and that he should satisfy the judgments according to the order of time in which they were rendered.

The notice by a sheriff to a purchaser of land on execution, of a motion to be made for judgment against such purchaser for the purchase-money, need not set out the sheriff's return to the execution.

Thursday, January 21, 1847.

ERROR to the *Wabash* Circuit Court.

PERKINS, J.—This was a motion by a sheriff, against purchasers at a sheriff's sale, for a judgment for the purchase-money and damages thereon, pursuant to the statute.    The notice of the motion sets forth a judgment in the *Wabash* Circuit Court, in favour of one *Abner Elmes* against *Hugh Hanna;* the issue of an execution thereon, and a sale by virtue of it jointly to *Hanna* and *Conner*, the defendants, of a certain lot of ground for 2,000 dollars; the tender to the purchasers of a deed for the lot; a demand from them of the purchase-money, and their refusal to pay, &c.    It also shows that there were five other executions for the making of large sums of money, issued upon five several judgments against said *Hugh Hanna*, in the hands of the sheriff at the time of his making said sale to *Hanna* and *Conner* on the execution in favour of *Elmes*.

The defendants filed nine pleas, only two of which, the third and eighth, need be noticed in determining this case.

The third plea was *nul tiel record*, concluding to the coun-

try. The eighth plea was, substantially, that the defendants after making said purchase, and before the commencement of this action, paid the said sheriff, plaintiff, the full amount of the judgment, interest, and costs—near 900 dollars—for the making of which the execution of *Elmes*, on which the sale took place, issued; and paid to the execution-defendant the overplus, after paying said *Elmes's* execution, of the purchase-money bid on said sheriff's sale, taking his receipt therefor, which receipt, before the commencement of this action, they tendered to said sheriff in satisfaction and discharge of the balance of said purchase-money; and further, that they had ever since been ready to and still did tender said receipt, and that they brought the same into Court, &c.

To each of these pleas there was a general demurrer. The Court sustained that to the third, overruled that to the eighth, and rendered final judgment for the defendants.

The Court erred in sustaining the demurrer to the third plea. That plea was informal in concluding to the country, but was subject for that cause to special demurrer only. 1 Chitt. Pl. 592.

The Court erred in overruling the demurrer to the eighth plea. The matter of that plea constituted no bar to the action. The notice sufficiently shows that, at the time of the sale mentioned therein, there were in the hands of the sheriff, executions on judgments rendered in said *Wabash* Circuit Court, junior to that on which the sale was made, for a greater amount in the aggregate, than the balance of the purchasers' bid after paying off said execution on which the sale took place. Those judgments were, by our law, liens on the land sold in the order of time of their rendition. The purchase-money for the sale on execution by the sheriff, of lands thus subject to judgment-liens when executions are in his hands upon all of them, should be applied to the satisfaction of those liens in the order of their priority; and this, whether the sale be nominally on the execution on the older, or on the executions on all of said judgments. *Drewe* v. *Lainson et al.* 11 Ad. & Ell. 529.—*Wintle* v. *Freeman*, Id. 539. To enable the officer to effectuate this, he must have the control of the purchase-money, and we think the statute clearly makes it payable to him. R. S. 1843, p. 752, ss. 429, 430, 431.

Nov. Term,     It is objected to the notice, that it does not set out the
1846.      return of the sheriff; but the case of *Hunt* v. *Gregg*, *May*
Townsend   term, 1846, of this Court, decides that that need not be done.
v.            *Per Curiam.* — The judgment is reversed with costs.
Doe.      Cause remanded, &c.

D. D. Pratt, for the plaintiff.

H. P. Biddle, for the defendants.

*Per Curiam.* — The judgment is reversed with costs.
Cause remanded, &c.