May Term, 1850.

McMAHON
v.
THOMPSON.

*J. W. Payne,* for the plaintiff.

*W. A. Porter,* for the defendant.

---

## McMAHON *v.* THOMPSON.

A judgment was rendered in favor of *A.* against *B.* and *C.* in *June,* 1840. *D.* recovered a judgment before a justice against the same defendants in *March,* 1840, upon which execution issued and returned *nulla bona.* He caused a transcript of the judgment to be filed and recorded in the Circuit Court in *April,* 1840. *Scire facias* issued and judgment awarded in *October,* 1840. *E.* recovered a judgment in *September,* 1840, against *B., F., G.,* and *H.* The judgment was rendered for a debt in which *B.* was principal, and the others his sureties; and, to save them from loss, he mortgaged to them certain lands in *February,* 1840. Executions on all these judgments came to the hands of the sheriff, and he levied on the lands mortgaged and sold them to *J.,* and applied the money—1st. To the payment of *A.'s* judgment, which he satisfied in full; 2d. To the judgment in favor of *E.;* and, there not being enough money to satisfy that judgment in full, he applied none to the judgment in favor of *D.* *D.* was present at the sheriff's sale, and knew that *B., F., G.,* and *H.,* had directed the sheriff to levy on the lands to satisfy the execution in favor of *E.* *D.* sued the sheriff; and the Court below decided that *D.'s* judgment was entitled to preference. *Held,* that there was no error in this judgment; that the sheriff was only authorized to sell the interest of the execution-defendants in the lands, and it was his duty to apply the proceeds according to the priority of the liens of the judgments.

Tuesday, June 4,

ERROR to the *Washington* Circuit Court.

SMITH, J.—A statement of facts was submitted to the Circuit Court to the following effect:

A judgment was rendered by the *Washington* Circuit Court in favor of one *Hartley,* against *Archibald* and *Josiah Spurgin,* for 92 dollars and 87½ cents, in *June,* 1840. *James Thompson* had also, in *March,* 1840, recovered a judgment before. a justice of the peace against the

same defendants, upon which an execution issued, and was returned *nulla bona*. He caused a duly certified transcript of said judgment to be filed and recorded in the judgment-docket of the Circuit Court on the 7th of *April*, 1840; and, a *scire facias* having issued, the proceedings resulted in a judgment awarding execution for 117 dollars and 63 cents, rendered on the 5th of *October*, 1840.

The *Salem Savings Institution* also recovered a judgment in the same Court on the 29th of *September*, 1840, against *Archibald Spurgin, Charles Hay, John C. Clarke*, and *Micah Newby*, for 609 dollars and 10 cents. This judgment was rendered for a debt in which *A. Spurgin* was the principal, and *Hay, Clarke*, and *Newby*, his sureties. To save the latter from loss as such sureties, *Spurgin* had, in *February*, 1840, mortgaged to them certain lands in *Washington* county.

Executions upon all these judgments having come to the hands of *McMahon*, who was sheriff of *Washington* county, he levied them upon the lands thus mortgaged; and, at a sale to satisfy said executions, they were purchased by one *Cutshaw* at the price of 748 dollars.

The sheriff applied the money thus made—first, to the payment of the judgment in favor of *Hartley*, rendered in *June*, 1840, which he satisfied in full; and, secondly, to the payment of the judgment in favor of the *Salem Savings Institution;* and there not being a sufficient amount to satisfy that judgment in full, he applied none to the judgment in favor of *Thompson*.

*Thompson* was present at the sale by the sheriff, and knew that the mortgaged premises had been levied on to satisfy the three executions, and also knew that *A. Spurgin, Hay, Clarke*, and *Newby*, had directed the sheriff to levy on those premises to satisfy the execution in favor of the *Salem Savings Institution*.

The present suit was brought by *Thompson* against *McMahon*, the sheriff, to obtain a decision upon the question whether the proceeds of the sale above mentioned ought not to have been applied to the payment of his

judgment rendered by the justice of the peace, the transcript of which was filed and recorded in *April*, 1840, in preference to the judgment of the *Salem Savings Institution*, rendered in *October* of the same year; and it was agreed by the parties that if the Court should be of opinion that *Thompson's* said judgment was entitled to such preference, judgment should be rendered in his favor for the amount necessary to satisfy it. The Court decided that *Thompson's* judgment was entitled to the preference, and rendered judgment accordingly; whereupon, *McMahon* appealed to this Court.

We cannot perceive any error in the judgment of the Circuit Court. The lien of *Thompson's* judgment, which took effect at the time the transcript was filed and recorded, was, evidently, older than that of the *Salem Savings Institution's* judgment; and the facts that *Hay*, *Clarke*, and *Newby*, held a mortgage to indemnify them as sureties for the payment of the debt upon which the latter judgment was rendered, and that the date of their mortgage was prior to that of *Thompson's* judgment, did not authorize the sheriff to appropriate the proceeds of the sale to the satisfaction of that mortgage or for the benefit of the mortgagees. He was only authorized, by the executions in his hands, to sell the interest of the execution-defendants, subject to execution, in the land levied upon; and having made the sale, it was his duty to apply the proceeds to the satisfaction of the several executions according to the priority of the liens of the judgments.

*Per Curiam.*—The judgment is affirmed with 2 *per cent.* damages and costs, &c.

*R. Crawford*, for the plaintiff.

*H. P. Thornton*, for the defendant.