WINTON and Others *v.* THE STATE, on the relation of EZRA.

Section 381 of c. 40, R. S. 1843, which provides that "upon execution, the officer may levy upon any current gold or silver coin or current bank notes belonging to the judgment-debtor," does not authorize him to levy an execution issued on a judgment against the debtor upon gold or silver coin or bank notes in his hands, collected on an execution in favor of the debtor.

The coin and notes, while in the hands of the sheriff, are in the custody of the law, and do not belong to the debtor.

They are not subject to levy until they have come into the debtor's possession.

ERROR to the *Warren* Circuit Court.

Davison, J.—Debt against a sheriff and his sureties on his official bond.

The bond is conditioned in the usual form for the discharge of the duties of the sheriff, and for the payment over by him, to the proper persons, of all moneys received by virtue of his office.

Three breaches are assigned. They allege, substantially, that a writ of execution was issued from the Circuit Court, on a judgment therein rendered in favor of the relator and against one *Mark Manlove*, by virtue of which the sheriff had received 470 dollars in current silver coin and current bank notes; that while the money was in his hands, the relator demanded it of him, but he failed to pay it to the relator, into the clerk's office, or to any person entitled to receive it; that the sheriff had returned the writ into the clerk's office with his return, viz., that he had received said silver coin and bank notes, of which he had paid 46 dollars and 84 cents to the clerk for costs, retained 12 dollars and 21 cents, his own fees, and upon the residue, being 411 dollars and 26 cents, he had levied two executions, then in his hands against the relator.

The defendants pleaded five pleas. Demurrers to the first, second and fourth were sustained. Upon the third and fifth issues were made. Trial by the Court, and judgment for the plaintiff below.

The sustaining of the demurrer to the first plea is the only error assigned. That plea states, *inter alia*, that while the silver coin and bank notes specified in the declaration were in the sheriff's hands, he received two executions against the relator, viz., one in favor of *Albert Banta*, for 418 dollars, the other in favor of *Joshua Heath*, *et al.*, for 493 dollars, and both issued from the *Parke* Circuit Court, on judgments therein rendered; that by virtue of these writs he had levied upon the said silver and notes, and applied the same to the payment thereof, &c.

The position assumed by this plea raises the inquiry

<div style="margin-left:...">Nov. Term, 1853.<br>WINTON<br>v.<br>THE STATE.<br>Monday, November 28.</div>

whether the silver and notes levied on were subject to the executions.

We have a statute which provides that "upon execution the officer may levy upon any current gold or silver coin or current bank notes, belonging to the judgment-debtor." R. S. 1843, c. 40, s. 381.

But it is said that the sheriff had no authority to levy on that property when in his possession—that while there it was in the custody of the law, and in point of fact did not belong to the relator. We concur in that opinion. In *England*, there is a statute which enacts, "That the sheriff may and shall seize and take under a *fi. fa.*, any money or bank notes belonging to the person against whose effects such writ was issued." 1 and 2 Vic., c. 110, s. 12. Under this act it was held, "that money in the hands of the sheriff, collected for the person under another execution, could not be seized; but the statute applied only to money set apart and ear-marked, which was the property specifically of the party." *Wood* v. *Wood*, 4 Ad. and Ellis, N. S., 397. In the case cited, *Denman*, C. J., says, that "that statute was intended to remedy the defect which formerly existed in the execution of a *fi. fa.*, it being considered that nothing could be seized that could not be sold, and that money was not the subject of sale." If the construction thus given to the *English* statute be correct, it follows that our enactment did not sustain the act of seizing the property in question.

This view is supported in *Turner* v. *Fendal*, 1 Cranch 117. There the Court say, that although money could be taken in execution if in the possession of the defendant, yet it could not be so taken till it had been paid over to the person entitled to receive it, because, until so paid, it does not become his property: he has not the actual legal ownership of the specific pieces of coin which the officer may have received. Such a right can only be acquired by obtaining the legal or actual possession of them: until this be done, there can be no such absolute ownership as that an execution may be levied on them. *Ross* v. *Clark*, 1 Dall. 354.—6 Cowen 494.—2 Blackf. 363. (n. 1)

Nov. Term, 1853.

WINTON
v.
THE STATE.

We are referred to s. 460, c. 40, R. S. 1843. That section provides that "the officer collecting any money on an execution, shall pay over the same within twenty days after reception thereof, to the person entitled thereto, unless payment thereof shall have been enjoined." This, it is insisted, is a new provision, whereby a sheriff, when he collects money, holds it as the mere agent of the execution-plaintiff. That position is not strictly correct. The sheriff is said to be in some sort the agent of both parties to an execution; still he is the minister of the law, and as such, his duties are prescribed. The section just recited makes a single change in his duties; since that enactment he is required, when he collects any money on execution, to pay it directly over, within a specified period, to the person entitled to receive it. There is, however, another provision which requires him, when the writ is fully satisfied, to return it forthwith, and pay the money thereon collected to the clerk. R. S. 1843, c. 72, s. 8. The record shows the writ in question to have been fully paid; therefore, the sheriff was not required to pay the money over to the relator.

But whether he was required to pay to the relator or clerk, can make no difference in the decision of this cause. The silver and notes, while they remained in the sheriff's possession, were in the custody of the law, and were not subject to execution until they went into the relator's possession.

The plea, in our opinion, constitutes no bar to the action.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*R. C. Gregory*, for the plaintiffs.

*R. A. Chandler*, for the state.