<div style="float:right">Nov. Term,
1853.
————
SIBERT
v.
HUMPHRIES.</div>

*D. Kelso*, for the plaintiffs.

---

SIBERT *v.* HUMPHRIES.

Money collected by a sheriff upon an execution in favor of *A.*, and paid
over by the sheriff to the clerk of the Circuit Court from which the exe-
cution issued, is not subject to levy, while in the hands of the clerk,
upon an execution issued against *A.*

<div style="float:right">4   481
0162 129</div>

Nov. Term,
1853.

Sibert
v.
Humphries.

Monday,
December 5.

The identical money paid by the sheriff to the clerk in satisfaction of an execution does not, by such payment, vest in the execution-plaintiff as his property.

ERROR to the *Johnson* Circuit Court.

Perkins, J.—Assumpsit.    Judgment below for the plaintiff.    The action was by *Humphries* against *Sibert*, for money had and received.

The facts are, that *Sibert* was the clerk of the *Johnson* Circuit Court; that money was paid to him as such clerk, by the sheriff of *Johnson* county, which the latter had collected on an execution in favor of *Humphries;* that *Sibert*, while said money was so in his hands, permitted the same to be levied on and taken by the sheriff of *Jefferson* county, on an execution against said *Humphries ;* and that *Humphries* demanded the money and *Sibert* refused payment before this suit was brought.

The question is, whether said money was subject to be so taken on execution while in the hands of said clerk.    If it was, he did right in permitting it to be done.    If it was not, he did wrong, and is liable for the amount in this action.

It has been decided at the present term, that money collected by an officer on execution is not subject to be levied on by execution while it remains in his hands prior to its payment to the person entitled to receive it, on the ground that it does not, till such payment, become the property of such person.    *Winton* v. *Ezra, ante*, p. 321. Does the present case fall within the same principle ?

According to the statute in force at the time the facts above set out transpired, sheriffs and constables paid the moneys collected on executions to the officers issuing them, and they paid over to the persons entitled ; though now, by statute, sheriffs and constables pay moneys collected directly to the execution-plaintiffs.

The money in this case, then, was rightly paid to the clerk, and when he received it, he and his sureties became liable to the execution-plaintiff for the amount.

But the question is, did the identical pieces of coin, or bank bills, paid by the sheriff to the clerk, vest, on such

payment, in the execution-plaintiff in whose favor they had been collected, as his property? We think not, and for the following reasons:

1. The clerk was not bound to pay those identical pieces or bills to said execution-plaintiff. When the latter should call for his money, the clerk could force him to take the amount in the legal currency of the country, and might pay him in anything that he was willing fairly, without fraud, to accept.

2. The execution-plaintiff would not necessarily be bound, and might, in some cases, actually refuse, to receive the identical pieces or bills the clerk had taken. In case of bank-bills the execution-plaintiff would have a right to refuse to accept them, and in cases of coin, if the pieces were counterfeit, or diminished in weight by abrasion, &c., he might refuse them. In short, the articles which the clerk had accepted, and might be willing to retain, would not become the property of the execution-plaintiff till he had accepted them, and hence, would not, till after acceptance, be subject to execution as his property.

*Per Curiam.*—The judgment is affirmed with costs.

*F. M. Finch,* for the plaintiff.

*G. M. Overstreet* and *A. B. Hunter,* for the defendant.