Nov. Term,
1853.

Hooks
v.
York.

Hooks *v.* York and Others.

Bank notes received by a justice of the peace in payment of a judgment, are not, while in his possession, subject to levy upon an execution against the judgment-plaintiff.

To an action on the official bond of a justice of the peace for his refusal to pay over to a judgment-plaintiff bank notes received by him in payment of the judgment, it is no answer, that the notes were taken, while in his possession, upon an execution against the plaintiff.

Suits upon the official bond of a justice of the peace were required by the R. S. 1843 to be brought in the name of the state for the use, or upon the relation of, the party interested.

*Saturday,*
*December* 31.

ERROR to the *Fountain* Circuit Court.

Davison, J.—Debt by the plaintiff before a justice of the peace against *Elijah York*, a justice of the peace, and his sureties, on his official bond. The bond was conditioned in the usual form, for the discharge of the duties of the justice, and for the payment over by him to the proper persons of all moneys received by virtue of his office. The breach assigned is, that the plaintiff, on, &c., recovered a judgment before said justice against one *Jackson Cochran* for 20 dollars, and costs, &c., which was by said *Cochran* paid in full to the justice; that the plaintiff, afterwards, to-wit, on, &c., at, &c., demanded the money so received, &c., but the justice failed and refused to pay, &c.

Plea, that said 20 dollars was received by the justice in current bank notes; and while the same was in his possession, to-wit, on, &c., one *William Hall*, a constable, &c., by virtue of an execution then in his hands against said plaintiff, seized and took said bank notes into his possession as the plaintiff's property, &c.

To this plea there was a general demurrer. The justice sustained the demurrer and gave judgment for the plaintiff. The defendants appealed.

In the Circuit Court, the cause was submitted on the demurrer to the plea. The Court overruled the demurrer and rendered judgment for the defendants.

The record presents this question: Were the bank notes

subject to the execution? We think they were not. It has been decided that money collected by a sheriff on execution cannot, while in his possession, be levied on. While it remains there it is in the custody of the law. It does not belong to the judgment-creditor until it is paid over to him. Therefore it is not liable to execution. *Turner* v. *Fendall*, 1 Cranch 117.—*Wood* v. *Wood*, 4 Adolph. and Ellis 397.—*Winton* v. *The State*, ante, p. 321.—*Ross* v. *Clark*, 1 Dall. 254. In the case last cited, " the defendant had obtained a judgment against *Ross*, who paid the money into the hands of the prothonotary and then attached it. On rule to show cause, the Court quashed the writ, because the money in the hands of the prothonotary was to be considered in the same state as if it had been paid into the hands of the sheriff." There is no reason why the principle laid down in the cases above cited should not apply to the one under consideration. It was no doubt the duty of the justice to pay the bank notes over to the judgment-creditor. And, in our opinion, that duty was not superseded by the levy of the execution. *Sibert* v. *Humphries*, ante, p. 481.

The present suit, however, cannot be sustained. It is founded upon an official bond made payable to the state. The suit was brought in the name of the person interested, &c., when it should have been instituted in the name of the state for his use, or on his relation. R. S. 1843, c. 40, ss. 131, 132.

*Per Curiam.*—The judgment is affirmed with costs.

*C. Tyler* and *L. Wallace*, for the plaintiff.