## HEADRICK *v.* BRATTAIN.

CHATTEL MORTGAGE.— *Tenant's Mortgage of Crops to be Raised.— Execution Creditor.*—A mortgage executed by a tenant on the crops to be raised by him on a tract of ground leased by him is valid against his execution creditors ; but they may sell the equity of redemption.

From the Henry Circuit Court.

*M. E. Forkner* and *E. H. Bundy*, for appellant.

*W. M. Watkins*, for appellee.

PERKINS, J.—Action to recover possession of personal property.

Answer :

1.   The general denial ;

2.   Property in a third person.

The suit was commenced on the 3d day of November, 1875.

The property sought to be recovered was the corn growing upon thirty-five acres of ground. It was planted by a tenant holding the land under a lease for five years from the 1st day of March, 1872. At the time of receiving the lease, the tenant executed a mortgage on the crops to be grown during the five years, as security for the rent of the premises, which mortgage was recorded.

The court tried the cause, made a special finding of facts, and announced conclusions of law thereon.

Among the conclusions of law, though not necessary to the determination of the suit, was this: that said mortgage was void as against an execution creditor of the tenant, on the ground that the property mortgaged was not in existence when the mortgage was executed.

The weight of authority would seem to be the other way.

In *Butt* v. *Ellett*, 19 Wal. 544, it is decided, that a mortgage of future crops can not operate, at the time of its execution, because the crops are not then in existence, but

that, as soon as the crops grow, the lien of the mortgage attaches. Herman Chat. Mort. 299, sec. 119.

We think the court erred in its conclusion, that the mortgage was void ; but this error will not justify the reversal of the judgment, because, though the mortgage had become operative on the property, the equity of redemption therein was subject to sale on the execution.

The judgment in the cause is affirmed, with costs.