No. 9047.

## HEADRICK ET AL. *v.* BRATTAIN ET AL.

PARTIES.—*Complaint.*— *Supreme Court.*— Where several parties unite as plaintiffs, and, by the averments of the complaint, some of them are not entitled to recover, the complaint is bad, and advantage may be taken of it on appeal.

SAME.—*Replevin.*— *Constable.*—*Execution.*—*Judgment.*—Where, in replevin against a constable for property seized by him by virtue of an execution, he obtains judgment for the return of the property, or for its value if return is not possible, he alone is the proper plaintiff in a suit against the clerk for a refusal to pay him the money, after it has been received by the latter in satisfaction of the judgment; and the execution plaintiff can not be united as plaintiff in such suit.

From the Henry Circuit Court.

*M. E. Forkner*, for appellants.

*T. B. Redding*, for appellees.

BICKNELL, C. C.—John Headrick rented land to John Hutchinson for five years, from March 1st, 1872, for $765 a year, payable annually on the first day of March, and secured by a mortgage of the growing crops. Hutchinson gave his separate notes for the payment of said rents, and having paid part of the notes due March 1st, 1875, and March 1st, 1876, he gave a new note for the residue, to wit, for $710.20, upon which Headrick, in September, 1878, obtained a judgment for $736.83.

In 1875, Hutchinson had a crop of corn on the land; in October, 1875, Hiram Brattain, as constable, held two executions against Hutchinson, one in favor of Sanders and Yount, and the other in favor of Sanders, Yount and Nichols, and on a levy of said executions he took possession of said corn.

In November, 1875, Headrick brought an action of replevin against Brattain, and, having given bond, he obtained possession of the corn, claiming it by virtue of his mortgage.

In that suit the court made a special finding of the facts above stated, and assessed the value of the corn at $450, and as matter of law concluded that the mortgage was void, and

that if valid the constable had the right to sell the equity of redemption.

Thereupon the court rendered judgment for a return of the corn to Brattain, and that in default thereof he should recover from Headrick said sum of $450. This judgment was affirmed by this court on appeal. *Headrick* v. *Brattain,* 63 Ind. 438.

In the mean time, Headrick had sold the corn. The indebtedness of Hutchinson, secured by the aforesaid mortgage on the corn, at that time, was $1,400.

Headrick paid the value of the corn to the clerk of the court, notifying him of his lien thereon by the mortgage, and directing him not to pay it to Brattain, and the clerk retained the money.

Thereupon Brattain, the constable, and Sanders, Yount and Nichols, whose separate executions had been levied on the corn, joined in this action, for money had and received, against the clerk and Headrick.

The complaint averred the recovery of the judgment by Brattain against Headrick, and the payment by Headrick to the clerk, of $351.69, as a credit thereon, and the refusal by the clerk to pay it to the plaintiffs, or any of them.

The complaint also averred, that Brattain had possession of the property, as constable, under the executions aforesaid, and was only nominally interested as such constable, and held his judgment for the benefit of his co-plaintiffs, who were the real parties in interest, and entitled to said money, and the complaint ended as follows: "Said Headrick is also made a defendant herein, and plaintiffs demand judgment against said defendant John S. Hedges (the clerk) for $450, and a finding against said Headrick and judgment, and all other proper relief."

The defendants appeared, and, on the application of the clerk, he was permitted to pay into court the money in controversy, and was discharged, and Headrick was ordered to answer the complaint. He answered, setting forth at length the facts as

above stated, with a copy of the lease and mortgage, and of said note of Hutchinson for $710.20, and he prayed for an order that the money be paid to him, and that the judgment in the replevin suit be declared satisfied.

To this answer the plaintiffs demurred, for want of facts sufficient,.etc., and their demurrer was sustained.

The defendant Headrick declined to answer further, and judgment went against him on the demurrer, that the money should be paid to the plaintiffs. Headrick appealed.

He assigns the following errors:

1. The complaint does not state facts sufficient to constitute a cause of action.

2. The court erred in sustaining the plaintiffs' demurrer to the answer of said defendant Headrick.

Where a complaint by several plaintiffs fails to show a cause of action in all, it will be held bad on demurrer, for want of facts sufficient, etc. *Nave* v. *Hadley,* 74 Ind. 155; *Neal* v. *State, ex rel.,* 49 Ind. 51; *Lipperd* v. *Edwards,* 39 Ind. 165.

In the case referred to of *Neal* v. *State, ex rel., supra,* the court said, per WORDEN, J.: " If a demurrer would have been sustained for the want of a statement of sufficient facts," etc., "it follows, that  *  *  the want of such facts may be assigned for error, inasmuch as the objection is not waived by failing to demur."

In the present case, the suit was brought by Brattain, Sanders, Yount and Nichols; Brattain as defendant in the replevin suit had obtained a judgment against Headrick, for the return of the property, and for its value if a return could not be had; the return was made impossible by the act of Headrick, who then paid to the clerk of the court the assessed value of the property; Brattain had recovered a judgment for that money, and was entitled to receive it; it was money had and received for him; he was the proper plaintiff, but Sanders and Yount and Nichols had nothing to do with the money; it was not theirs.

Brattain, on receiving the money from the clerk, would hold

it just as he held the corn, which the money represented; whether the money was coin or bank notes, it would not become the property of the execution plaintiffs until they accepted it. *Sibert* v. *Humphries,* 4 Ind. 481; *Winton* v. *State, ex rel.,* 4 Ind. 321; *Hooks* v. *York,* 4 Ind. 636.

The complaint, therefore, did not state facts sufficient to constitute a cause of action, because it did not show a cause of action in all the plaintiffs.

The demurrer to the answer of Headrick searched the record and brought in question the sufficiency of the complaint. That demurrer should have been sustained to the complaint. *Gould* v. *Steyer,* 75 Ind. 50; *Sugar Creek T'p* v. *Johnson,* 20 Ind. 280; *Ætna Ins. Co.* v. *Baker,* 71 Ind. 102.

It may be said here, as was said in *Neal* v. *State, ex rel., supra,* "There are some other interesting questions discussed, but it will be time to decide them when they arise in a case between proper parties." The judgment of the court below ought to be reversed, and the cause remanded, with instructions to sustain the demurrer to the complaint.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and it is hereby in all things reversed, at the costs of the appellees, and this cause is remanded, with instructions to the court below to sustain the demurrer as to the complaint.