No. 603.

## STATE, EX REL. DANFORTH, *v.* RUFF ET AL.

APPEAL.—*Notice of.— When May Be Given.—Statute Construed.*—An appeal as provided for in section 640, R. S. 1881, clause one, may be taken by serving notice of the appeal as therein provided, prior to the filing of the transcript in the office of the clerk of the Supreme Court.

SAME.—*Seeking to Enjoin.—Affidavits in Support of.—Failure to Serve Notice.*— When the appellee asks that the appellant be enjoined from prosecuting his appeal, and files affidavits in support thereof, but fails to give notice of such proceeding to the appellant or his attorney, the application can not be considered by reason of such failure.

EVIDENCE.—*Sheriff's Return Conclusive.—Can Not Be Contradicted By Parol Evidence.*—A sheriff and his sureties are bound by the sheriff's return, and such return can not be contradicted by parol evidence.

EXECUTION.—*Right of Sheriff to Levy on Proceeds in His Hands Belonging to Judgment Defendant.—Sheriff Sale.—Overplus.—Right to.*—The principle of law that a sheriff can not levy an execution in his hands on the money of the judgment defendant, which he had collected for said defendant on another writ, does not apply in a case where a person other than such judgment defendant lays claim to the overplus in the hands of the sheriff after the debt for which such levy was made had been satisfied, for if the property which went to make such overplus belonged to the judgment defendant, then such claimant had no right to it, and if such property belonged to the claimant, when sold, then the sheriff, in no event, had any right to apply it, or the proceeds thereof, in satisfaction of an execution against the judgment defendant.

JUDGMENT.—*Correct Result.—Irregularity in Procedure.—Not a Cause for a Reversal.*—Where a case has been determined on the evidence, and a correct result has been reached, the cause will not be reversed on account of an irregularity in the mode of reaching such result.

ESTOPPEL.—*Not in Issue.—Not Available on Appeal.—Insufficiency of Facts.*— The principle of estoppel can not be invoked on appeal where the answers do not proceed upon that theory, and the facts therein pleaded are not broad enough or strong enough to support it.

From the Pulaski Circuit Court.

*J. C. Nye* and *R. A. Nye,* for appellant.

*W. Spangler* and —— *Spangler,* for appellees.

DAVIS, J.—This was an action on the official bond of the appellee, Lawrence Ruff, as sheriff of Pulaski county.

Judgment was rendered in the court below on the 27th day of February, 1891.

On the 22d day of February, 1892, a notice in writing was duly served on and accepted by counsel for appellees, which notice, omitting title of the cause and signatures, is in the language following:

" The defendants in the above entitled cause are hereby notified that the plaintiff will appeal to the Appellate Court of the State of Indiana, from the judgment rendered against her in this action, by said Circuit Court, on the 27th of February, 1891."

A notice in substance and effect the same, properly addressed to the clerk of the Pulaski Circuit Court, was, on the same day, served upon and accepted by the clerk.

The transcript of the record, including assignment of errors and said notices, were filed herein on appeal February 23d, 1892.

On the 13th day of September, 1892, the appellees entered a special appearance and moved the court to dismiss the appeal.

Counsel for appellees contend that the transcript must first be filed " and, after it is filed, give notice within the year that it has been filed "; and, further, the notice must be that an appeal has been taken, and not that an appeal will be taken.

The appeal was taken under the first clause in section 640, R. S. 1881, which reads as follows:

"After the close of the term at which the judgment is rendered, an appeal may be taken by the service of a notice in writing on the adverse party or his attorney, and also on the clerk of the court in which the proceedings were had, stating the appeal from the judgment or some specific part thereof."

It was evidently contemplated under this section that

the notice provided for in that part of the section quoted might be given prior to the filing of the transcript in the office of the clerk of the Supreme Court.

When the sections relating to appeals are, as they must be, construed together, it is clear that an appeal may be taken in the manner adopted in this case. Section 633, R. S. 1881; *Johnson* v. *Stephenson*, 104 Ind. 368; Rule 2, Appellate Court.

The transcript must, under the rule of the court, be filed within sixty days after the notices are given, and, in any event, this must all be done within one year after the judgment is rendered. It has been held that the appeal is taken when the transcript is filed. *Harshman* v. *Armstrong*, 43 Ind. 126 (128).

The rule of the court and the statute were both complied with in this case, unless the notices were insufficient. The statute does not give any form, or prescribe what words shall be used in the notices. All that the statute requires is that the party who desires to appeal shall give notice " stating the appeal."

Our conclusion is that the notices given in this case are a substantial compliance with the statute, and, therefore, the motion to dismiss the appeal is overruled.

The appellee, on the 13th day of September, 1892, also filed a motion, supported by affidavits, to enjoin the appellant from prosecuting this appeal. It is alleged in the affidavits, and they are not controverted, that in February, 1891, the said Martha J. Danforth, relatrix herein, claiming to own the real estate, two hundred acres, described in the pleadings, rented the same to one Byers, and received the rent therefor for that year, amounting to not less than one hundred and seventy-five dollars.

Counsel for appellee insist—under the facts disclosed in the affidavits, in addition to the other facts shown in the record—that appellant should not be allowed to prosecute the appeal

It does not appear that any notice of the application for injunction has been given appellant, and for that reason—if the grounds on which it is based were otherwise sufficient, which we do not decide—the relief asked is denied.

The action was commenced on the 13th day of May, 1890.

The material averments in the complaint are that on the 5th day of October, 1889, one Huddleston recovered a judgment against John E. Meeks and A. J. Danforth for fifty-two dollars and ninety-seven cents and costs, and also a decree against said Meeks and the relatrix, Martha J. Danforth, ordering the sale of certain real estate to satisfy said judgment, and that the surplus, if any, realized from said sale should be paid into court for the use of whoever might be entitled thereto. It is alleged that appellee Ruff, as sheriff, duly sold said real estate for one hundred and fifty-three dollars and seventy-three cents in excess of the amount necessary to satisfy said judgment.

It is further averred in the language of the complaint:

" That this plaintiff was, at the time said judgment was rendered, has ever since been and now is, the owner in fee simple of said real estate, and as such owner she was then and now is legally entitled to receive the surplus, and that she has demanded of said Ruff said money, and that, in violation of the duties of said office, the terms and conditions of said bond, and the order of this court, as made and contained in said judgment, he has failed and refused to pay said money to her or to the clerk of this court for her use or for the use of any one who may be entitled to receive the same."

The appellees answered in four paragraphs. The first paragraph was withdrawn; a demurrer was sustained to the second and overruled to the third and fourth. The case was tried by the court and resulted in a finding and judgment for the appellees.

The only error discussed by counsel for appellant is the overruling of the motion for a new trial. The other errors assigned are waived, by reason of the failure to discuss them. *Mahoney* v. *Gano*, 2 Ind. App. 107.

There is no controversy relative to the facts in this case. All the facts alleged either in the complaint or answer were established by uncontroverted evidence or were admitted by the parties.

Without setting out the pleadings in detail, but in order to understand the question discussed by counsel, we recapitulate the facts which give rise to the controversy.

It appears that on the 16th day of October, 1888, John E. Meeks, who was then the owner of the real estate hereinbefore mentioned, became indebted to Henry L. White in the sum of one hundred and thirty-seven dollars, for which judgment was afterwards rendered, a transcript of which was filed in the clerk's office November 15th, 1889, and on which execution was issued to the appellee Ruff, as sheriff, on the 18th day of December, 1889. On the 27th day of September, 1888, said Meeks, who is the son of the relatrix, became indebted to said Huddleston.

On the 26th day of October, 1888, and prior to the rendition of the White judgment, said John E. Meeks conveyed the real estate to the relatrix.

On the 26th day of December, 1888, said Huddleston instituted suit against said relatrix and Meeks to recover judgment on his debt, and to set aside said conveyance of the real estate on the ground, as therein alleged, that the same had been executed to and accepted by said Martha J. Danforth, for the fraudulent purpose and "intent of aiding, abetting and assisting him, the said John E. Meeks, to defraud and delay his creditors," and that the conveyance was wholly without any consideration whatever.

Afterwards, on October 5th, 1889, judgment was ren-

dered on default for fifty-two dollars and ninety-seven cents and costs, and that "the averments of his complaint are true as alleged," and that said conveyance of said real estate should be set aside, and that the amount due the plaintiff was a lien on said real estate, and it was decreed that said real estate should be sold to pay said debt, and "the overplus, if any, to be paid to this court for the use of the defendant, or whoever may be entitled to receive the same."

On the 28th day of December, 1889, in pursuance of a certified copy of said decree, the sheriff proceeded to sell said real estate to said Henry L. White on a bid of two hundred and forty-six dollars, and that said White paid the sheriff twenty-seven dollars and ninety cents costs, and that said Huddleston and White respectively receipted the writs in their favor in satisfaction of the judgment and in discharge of the bid.

The sheriff at the time of the sale issued a certificate of purchase to White and made a return on the Huddleston writ that he had sold the real estate to White for two hundred and forty-six dollars, and had applied the proceeds in discharge of the Huddleston debt and costs, and the residue thereof, in the sum of one hundred and fifty-three dollars and seventy-three cents, he had applied on the White execution, then in his hands for collection.

It further appears in the evidence that said Henry L. White did not claim any title to or interest in the real estate on account of the alleged sheriff's sale, and that said Martha J. Danforth, at all times thereafter, remained in the full possession and control, and collected and received the rents thereof, and that she was insolvent and had committed waste on the land, and that a decree of foreclosure of a prior mortgage had been entered, and that the real estate was advertised for sale thereon, and that she had no intention of redeeming thereunder, and that the appellees brought into court and tendered for surrender

and cancellation the certificate of purchase executed to said White, and, also, a quit claim deed duly executed by said White to said relatrix for said real estate.

It is conceded that nothing had ever been paid on either the Huddleston or White judgments other than the satisfaction thereof through the sheriff's sale of the real estate.

It is urged by counsel for appellant that the sheriff's return reciting the sale of the real estate for two hundred and forty-six dollars is conclusive as against the appellees, and that the court below erred in admitting oral evidence on the trial to prove that only twenty-seven dollars and ninety cents, the costs, was in fact paid by White, and that because of the admission of such proof the judgment of the court below should be reversed:

The authorities are to the effect that the sheriff and his sureties are bound by his return, and that they have no right to introduce parol evidence to contradict his return. *Lines* v. *State, ex rel.*, 6 Blackf. 464.

It is urged also that the sheriff could not levy the execution in his hands for collection on the money in the hands of the sheriff, collected for the debtor on another writ. *Winton* v. *State, ex rel.*, 4 Ind. 321; *Sibert* v. *Humphries*, 4 Ind. 481; *Hooks* v. *York*, 4 Ind. 636; *Headrick* v. *Brattain*, 83 Ind. 188.

This principle can not, however, be invoked in this case in behalf of appellant. If the alleged surplus of one hundred and fifty-three dollars and seventy-three cents was, in fact, the property of John E. Meeks, the debtor, then Martha J. Danforth has not, in any view of the case, any right thereto, and if, on the other hand, the said Martha J. Danforth was entitled to the money, the sheriff had no right, in any event, to apply it on an execution in his hands against Meeks.

The first material question for our consideration is whether, if the parol evidence referred to—the introduction of which constitutes the sole ground for which the rever-

sal of the judgment of the court below is sought—was entirely excluded, any right of action is shown in behalf of the relatrix, under the other undisputed facts in the case and the law applicable thereto, to recover the alleged residue of one hundred and fifty-three dollars and seventy-three cents in controversy.

The aggregate amount of the Huddleston and White decree and execution, including costs, was equal to the bid made by White at the sheriff's sale.

If it was satisfactorily shown, by competent evidence, under a proper issue, that the only interest the relatrix had in the real estate was through a conveyance executed to her by John E. Meeks, without consideration, for the fraudulent purpose of cheating, hindering and delaying his creditors, such fact, in connection with the other conceded facts in the case, would, under the authorities, perhaps have rendered the ruling complained of harmless. Section 752, R. S. 1881; *Blair* v. *Smith*, 114 Ind. 114 (118); Crocker on Sheriffs, sections 413, 414; Smith's Sheriffs, etc., pages 357, 356; *Steele, Sheriff,* v. *Hanna*, 8 Blackf. 326; *McMahon* v. *Thompson*, 2 Ind. 114; *Benton* v. *Shreeve*, 4 Ind. 66; *Carnahan, Guardian,* v. *Yerkes*, 87 Ind. 62; *State, ex rel.*, v. *Salyers*, 19 Ind. 432; Sutherland on Damages, vol. 1, p. 3; Wait on Fraudulent Conveyances, section 59; *Burbank* v. *Slinkard*, 53 Ind. 493; Murfree on Sheriffs, sections 555, 894; *Gillette* v. *Hill*, 102 Ind. 531.

In this case, however, the only allegation on this subject in the answer, is the historical statement, hereinbefore in substance recited in relation to the proceedings in the Huddleston case.

The answers are not predicated on the theory that the conveyance was, in fact, fraudulent, and that the real estate was subject to the lien of the White judgment, and that the sheriff had the right to apply the surplus realized on the Huddleston decree to the satisfaction of the White decree.

The answer proceeds on the theory that White had in fact paid only twenty-seven dollars and ninety cents on his bid, and that the appellee had the right to contradict the statement in the sheriff's return, and that—as the sheriff had not, in fact, received anything in excess of the Huddleston writ—there could be no recovery against him.

It is not even suggested in the answer that there was any judgment in favor of White, or that the sheriff held an execution on any such judgment, or that the sheriff had applied the alleged excess of one hundred and fifty-three dollars and seventy-three cents in satisfaction of any other writ that was a lien on the real estate.

The evidence is, it is true, as heretofore stated, broader and more comprehensive than the answers, and the insufficiency of the answers has not been urged in this court.

It may be stated, as a general proposition, that where a controversy has been heard and determined on the evidence, and when a correct result has been reached, a cause will not be reversed for an error in the mode of reaching it. *Gray* v. *Robinson*, 90 Ind. 527 (532).

This rule can not be invoked by appellees under the evidence in this case. The sole and only evidence relating to the alleged fraudulent conveyance is the complaint and decree in the Huddleston case.

This standing alone is not sufficient evidence in behalf of third parties to sustain the proposition. *Maple* v. *Beach*, 43 Ind. 51.

The fact that, in the Huddleston case, the relatrix permitted the judgment to be rendered against her on default will not—standing alone and unsupported, especially in the absence of an issue involving that question—sustain the claim in an action between herself and the other parties that she held title secured for a fraudulent purpose without consideration.

We can not say, under the issues and the evidence, in view of the theory adopted by appellee in the court below,

that the error in allowing appellees to contradict the sheriff's return was harmless.

It has also been urged that—as the purchaser had never asserted or claimed any title or right to or in the real estate under the alleged sheriff's sale, and that as the relatrix has continuously held and retained full possession and control of the property, and has collected, received and enjoyed the rents therefor—she is estopped to maintain this action, on the theory that she can not hold, own and retain the land, and, at the same time, prosecute an action to recover the proceeds of the sale thereof.

It is sufficient, on this proposition, to say that the answers do not proceed on the theory of estoppel, and the facts, as therein pleaded, are not strong or broad enough to constitute such a defense.

Our conclusion is that the judgment should be reversed, with instructions to the court below to grant a new trial, and with leave to the parties, if desired, to amend the pleadings, all at cost of appellees.

Judgment reversed.

Filed January 17, 1893.