## May v. State, ex rel. Rife.

[No. 20,273.    Filed February 5, 1904.]

JUDGMENT.—*Satisfaction.—Power of County Clerk.—Costs.*—Money received by the clerk of the circuit court to be applied on a certain judgment can not be applied by such clerk in satisfaction of a judgment for costs previously rendered against the party for whom the money was received.

From Superior Court of Madison County; *H. C. Ryan,* Judge.

Action by the State, on the relation of Lavina Rife, against Isaac E. May, clerk of the Madison Circuit Court. From a judgment for plaintiff, defendant appeals. Transferred from Appellate Court, under §1337u Burns 1901. *Affirmed.*

*M. A. Chipman, S. M. Keltner* and *E. E. Hendee,* for appellant.

*Alfred Ellison* and *W. S. Ellis,* for appellee.

JORDAN, J.—The facts agreed upon by the parties in the lower court are substantially as follows: In March, 1899, the plaintiff below, appellee in this appeal, recovered a judgment in the Madison Superior Court against one Alfred Clark on a contract for $400. This judgment, it appears, was made payable by instalments, and the last instalment of $100 became due on March 14, 1901, and was paid by the judgment debtor to appellant, as clerk of the Madison Circuit Court. He received this money in his official capacity as clerk, and not otherwise. On the 29th day of the same month, after the payment of the money, appellee demanded of said clerk that he pay over to her the said $100 which he had received as aforesaid upon her judgment. This he refused to do, on the ground that he had the right, as clerk, to apply said money upon an unpaid judgment for costs which had been rendered against appellee by the Madison Circuit Court, and which

was of record in his office. It further appears that in April, 1896, appellee instituted a suit in the Madison Circuit Court against said Alfred Clark to set aside and annul a certain contract. On March 5, 1898, she dismissed this action, and the court rendered judgment in favor of the defendant for costs. Among the costs legally taxed against her in the said action so dismissed were the following amounts for services performed by the clerk and sheriff of the court, and which costs were of record in said clerk's office:

| | |
|---|---:|
| To appellant, as clerk | $0 95 |
| To Edmund Johnson, former clerk | 7 55 |
| To John Starr, sheriff | 61 40 |
| Total | $69 90 |

The two last-mentioned officers had, prior to November, 1898, received their salaries in full from the county. Prior to March 14, 1901, a fee bill had been issued against appellee by the clerk of the Madison Circuit Court to enforce the collection of said costs, but said writ was returned by the sheriff unsatisfied, he being unable to find any property of appellee in said county. At the time the $100 was paid on the aforesaid judgment appellee was a married woman, and so continued, but at the time the judgment was rendered in her favor, and at the time the aforesaid judgment was rendered against her for costs, she was unmarried.

The sole ground upon which appellant refused to pay the $100 on demand to appellee was because he claimed and asserted that he had the right to retain the same to reimburse Madison county to the amount of $100 on the costs taxed to appellee in the action which she dismissed as hereinbefore stated. He still holds said money in his official capacity under his said claim of right to apply it upon said costs. The position assumed by appellant is

that, under the law, he had the right at least to withhold $69.90 of the $100 received by him as aforesaid, for the purpose of applying it in payment of the costs taxed against appellee.    Counsel for appellant, however, point us to no statute of this State to sustain this contention.    It is claimed that by §7936 Burns 1901, §5850 Horner 1901, which authorizes clerks of the several courts of this State to receive money in payment of "all judgments, dues or demands of record in their respective offices," the clerk thereunder is made the agent of the party owning or holding such judgments, dues, or demands, to receive the money thereon and receipt for the same.    The clerk of the court, by force of this statute, can not be said to be the general agent of the party owning the judgment or dues, but is simply empowered by the statute to receive the money when paid in satisfaction of the judgment or dues, as the case may be, and his authority to receipt therefor is incidental to the power conferred.    His agency in such cases is quite limited and special.

It is held in the case of *Chapman* v. *Harwood,* 8 Blackf. 82, 44 Am. Dec. 736, that a sheriff in the sale of property upon execution "is a special agent, and can not exceed the powers which the law gives him."    The clerk, in receiving money on judgments, or other dues of record in his office under the statute above cited, is likewise nothing more than a special agent for that purpose, and the statute is the warrant of such agency, and he is limited to the power which it confers upon him in such matters.

In *Sibert* v. *Humphries,* 4 Ind. 481, it was held that money collected by a sheriff on execution and paid over by him to the clerk of the circuit court was not, while in the hands of the clerk, subject to a levy upon execution issued against the person in whose favor the clerk had received and held the money.    The court in that appeal affirmed that the identical bills and coins paid as money

to the clerk by the sheriff did not become the property of the party in whose favor they had been received until he had accepted them from the clerk. Therefore the money, not being his property while in the hands of the clerk, was not subject to the levy of the execution in question.

*Winton* v. *State, ex rel.*, 4 Ind. 321, was a suit on the official bond of the sheriff on account of his refusal to pay over money on the demand of the relator, in whose favor that officer had collected it. The money in that case collected by the sheriff consisted of bank bills and silver coins, and the court held that such bills and coins, while in the hands of the sheriff, were not subject to levy upon execution which had come into his hands against the relator. The sheriff based his right to levy upon the money, while the same was in his hands, upon the authority of the statute of 1843 (R. S. 1843, Chap. 40, §381), which provided that "upon execution against the property of a judgment debtor, the officer may levy upon any current gold or silver coin, or current bank-notes, belonging to the judgment debtor." The court denied this contention, and held that while the bills and coins were in the possession of the sheriff they were in the custody of the law, and did not belong to the relator, and therefore were not subject to execution until they had been turned over to him by the sheriff.

In *Hooks* v. *York*, 4 Ind. 636, it was held that current bank-notes received by a justice of the peace in payment of a judgment rendered by him were not subject to levy upon execution against the judgment plaintiff. In that appeal it is said: "It has been decided that money collected by a sheriff on execution can not, while in his possession, be levied on. While it remains there it is in the custody of the law. It does not belong to the judgment creditor until it is paid over to him."

The decisions in these cases are quite applicable and influential in the decision of the question presented in this

appeal.  The money in dispute in this case was officially received by the clerk on appellee's judgment, and while in his hands was in the custody of the law, and, in the absence of any statutory provision regulating the matter, it was not her property to be applied by the clerk in payment of any dues or demands against her of record in his office.  He could not legally have surrendered it to the sheriff in satisfaction of any execution or fee bill that might have been issued against her.  If he had no right or power to turn the money over to the sheriff to be applied in satisfaction of an execution or fee bill against her, what reason can there be for asserting that he had the right to withhold the money from her after the demand which she made, for the purpose of applying it either in whole or in part in satisfaction of the fees arising out of the services rendered for her by the sheriff and clerk in the litigation in question?  Certainly none:  The fees taxed against appellee for the services of the officers mentioned were, under the express provisions of the fee and salary law of 1895, the property of the county, and in no sense the property of the officers who performed the services.  Under the circumstances appellant could assert no other or different right to retain and apply the money in satisfaction of these fees, merely because they were dues or demands of record in his office belonging to the county, than he could for retaining the money for the purpose of applying it in satisfaction of any judgment, dues, or demands against appellee in favor of some other person.

The lower court having reached a right conclusion in adjudging that appellant should pay over to appellee the money in controversy, the judgment is therefore affirmed.