Blackford, J.
This was an action of debt by the State, on the relation of Jones, on a sheriff’s bond in the penalty of $5,000. Lines was the principal obligor, and the other defendants were his sureties. The condition of the bond, which was that Lines, the sheriff, should faithfully discharge his duties, &c., was set out in the declaration, and the following breach assigned, viz., that at, &c., the relator, Jones, obtained judgment against one Williams and one Hamilton for $558.78, with costs; that a capias ad satisfaciendum issued against the judgment-defendants, and was delivered to the sheriff; that the sheriff, by virtue of the writ, arrested Williams and detained him until, on, &c., when he suffered him to escape, &c.; and that the money was unpaid, *&e. General demurrer to the declaration, and the demurrer correctly overruled. Plea, nil debent. Yerdict for the plaintiff. *499 and damages assessed at $628. Judgment for the penalty of the bond, to be discharged by payment of the damages assessed.
On the trial after the plaintiff had introduced the execution and return in evidence, which return was as follows: “As within commanded I did, on the 9th of July, 1840, take into custody Thomas Williams, and had him at the clerk’s office in Connersville in the evening of said day, when he escaped, &c. ; and by order of the plaintiff, Jones, I return this writ not served as to Hamilton. Sept. 21, 1840. Thomas Lines, Shff. F. C.;” and after the plaintiff’s testimony was closed, and the defendants had examined one of their witnesses; the defendants suggested that the sheriff’s return did not correspond with the facts, and asked leave for the sheriff to amend the return so as to make it correspond witli the facts; but the leave was refused. There is no error in this refusal. The record does not show what the proposed amendment was, and we do not know, therefore, whether, had it been made, the case would have been materially altered; nor does it appear, that any affidavit was offered on which to found the motion. Besides, we think the offer to amend was made- too late. Issue had not ■only been joined, but the plaintiff’s testimony was closed, and the defendants had commenced the examination of their witnesses. There is an express authority for saying, that, at that stage of the cause, the amendment ought not to be made. Scott v. Seiler, 5 Watts, 235, cited in Phill. Ev., part 2, p. 1096.
The defendants offered to prove that Williams, at the time of the arrest and escape, was notoriously insolvent;, but the evidence was rejected. It has been decided in Pennsylvania, in a similar case, that such evidence is inadmissible; and we approve of that decision. The sheriff would have been liable in an action of debt for the escape for the amount of the debt with interest and costs, without regard to the debtor’s insolvency ; and it appears to us that he and his sureties must be equally liable for the escape, when sued on their bond conditioned for the faithful discharge of the sheriff’s duties. See Spader v. Frost, 4 Blackf., 190.
C. B. Smith and J. Hyman, for the plaintiffs.
S. W. Parker and J. S. Neuman, for the defendant.
*The defendants offered to prove bj1" parol, that when Williams was arrested, the sheriff also, by virtue of the writ, arrested Hamilton, the other defendant, who was in custody when Williams escaped; and that after the escape, the relator, Jones, discharged Hamilton from the arrest. This testimony was correctly rejected, as it would have contradicted the sheriff's return, which could not be done. Purrington v. Loring, 7 Mass., 388; Townsend v. Olin, 5 Wend., 207.
The Court, on the plaintiff’s motion, instructed the jury as follows: “If the plaintiff has given the bond named in the declaration in evidence, and has proved the recovery of the judgment, and issuing of the execution, and delivery of the same to Lines, the sheriff, and that he arrested Williams, one of the defendants in the execution, and suffered or permitted his escape, and made his return on the'execution stating the-arrest of Williams, his escape, and that he had not served the execution on Hamilton, the other defendant, by the plaintiff’s-order,—the measure of damages is the amount of the execution-. and costs.” This instruction is unobjectionable. In debt on a sheriff’s bond for an escape out of execution, as in debt against the sheriff for such es'eape, we think the measure of damages is as stated by the Circuit Court in this case. See Spader v. Frost, above cited.
SuRRiVA^r, J., dissented as to the rejection of the evidence of Williams’ insolvency, and as to the measure of damages.
Per Curiam.—The judgment is affirmed, with 1 per cent. damages and costs.