JOHNSON v. PATTERSON.

SUMMONS.—*Return.—Parol Testimony.*—The return of a sheriff to a summons is conclusive between the parties, and can not be contradicted by parol testimony.

SAME.—*Christian Name.—Statute Construed.*—A woman, formerly the wife

Johnson *v.* Patterson.

of G. W., brought an action to recover possession of real estate, which the defendant acquired under a foreclosure proceeding; in her complaint she described herself as Louisa, with A. as an initial letter of her middle name. In the complaint and summons in the foreclosure proceeding, she was described as Ann, the wife of G. W.; and the sheriff's return showed service on Ann W. The evidence shows, that, at the time of the foreclosure, the plaintiff in the present action was the wife of G. W.

_*Held*, that the sheriff's return shows service of the summons on the plaintiff, as a defendant in the foreclosure suit; and, under section 37, 2 R. S. 1876, p. 49, if served upon her, it was immaterial whether she was called in the summons Ann or Louisa A. W.

From the Clarke Circuit Court.

·*J. H. Stotsenburg* and.*P. H. Jewett*, for appellant.

·*G. V. Howk* and *W. W. Tuley*, for appellee.

WORDEN, J.—Action by the appellant, against the appellee.

Complaint in two paragraphs. The first alleged, that the plaintiff and defendant were tenants in common of certain real estate, the plaintiff owning two-ninths, and the defendant seven-ninths thereof, and sought partition. The second claimed title in the plaintiff to the whole of the same premises, and sought to recover possession thereof from the defendant.

Answer; trial by the court; finding and judgment for the defendant.

The point on which the appellant relies for a reversal of the judgment is the exclusion of certain evidence offered by her, and rejected on the objection of the defendant.

The property in controversy belonged to Joseph E. Moore in his lifetime, and he died seized thereof, subject to a mortgage executed by him and his wife to Patterson. The plaintiff is one of the heirs at law of Moore.

After the death of Moore, Patterson foreclosed his mortgage in the proper court, in an action in which the administrator of the estate and the heirs at law of Moore were made parties defendants; and, on the sale of the prop-

erty, he became the purchaser, and received the sheriff's deed.

The defendant claimed title in himself to the whole of the premises under this deed.

At the time of the foreclosure proceedings, the plaintiff was the wife of one George Wathen.

The summons in the foreclosure suit and the sheriff's return thereon were as follows: '

" The State of Indiana.

" To the sheriff of Clarke County.

" You are hereby commanded to summon Thomas Carr, administrator of the estate of Joseph E. Moore, deceased, Nancy Moore, William Bowman and Mary Bowman, his wife, George Wathen and Ann Wathen, his wife, and Richard Moore, to appear in the Clarke Circuit Court, on the 5th day of the next term thereof, to be holden in the court-house in Charlestown, on the 1st Monday in February, 1856, to answer the complaint of Samuel H. Patterson. Demand $2,100, and foreclosure of mortgage. And return this writ.

" Witness," etc.

Sheriff's return:

" Served on the within named Thomas Carr by reading, on the 4th day of February, 1856. Served on Nancy Moore, Wm. Bowman, Mary Bowman, Ann Wathen and Richard Moore, by reading, on the 16th day of January, 1856, and on the within named George Wathen, on the 17th day of January, 1856, by leaving a true and certified copy of this writ at his last and usual place of residence in this county."

This return was duly signed by the sheriff.

The defendant having given the record in the foreclosure suit in evidence in support of his title, the plaintiff offered to prove by competent witnesses, that on the 16th day of January, 1856, she was in Illinois, and therefore was not, and could not have been, served with the process, and that, actually, she was not served with the

process. She also offered to prove that there was another woman who represented herself and was known and called by the name of Ann Wathen, not one of the children of said Joseph E. Moore, who lived in Jeffersonville at the time, and that process in said action was served upon her, if served at all.

This evidence was objected to by the defendant, upon the ground that it would contradict the sheriff's return to the summons, and the objection was sustained, and the evidence excluded.

We are of opinion, that the ruling was correct. The return of a sheriff to a summons is conclusive between the parties, and can not be contradicted by parol evidence. *Splahn* v. *Gillespie*, 48 Ind. 397; *Stockton* v. *Stockton, post*, p. 574,

A little confusion may appear on the face of the case, arising from the difference between the christian name in which the plaintiff sues in this case, and that in which she was sued in the foreclosure case. In the foreclosure case, she was sued by the christian name of Ann. We can well conceive, that the initial "A." in the name in which the plaintiff sues, is an abbreviation of Ann, and that the plaintiff may have been called by the christian name of Ann. We think the return of the sheriff clearly shows, that the process was served on the plaintiff; and, if served upon her, it was immaterial whether she was called in it Ann or Louisa A. Wathen. 2 R. S. 1876, p. 49, sec. 37. It is shown by the evidence, that, at the time of the foreclosure suit, the plaintiff was the wife of George Wathen.

George Wathen and Ann, his wife, were made defendants to the action, and the summons commanded the sheriff to summon, amongst others, George Wathen and Ann Wathen, his wife, and the sheriff returned that he had served it upon Ann Wathen. This return must be taken to mean that the sheriff had served the process upon the Ann Wathen who was the wife of George Wathen, and

not that he had served it upon some other Ann Wathen. The particular Ann Wathen was specified in the summons, and the return must be construed to mean that the service was made upon the person specified.

The judgment below is affirmed, with costs.

NOTE.—HOWK, J., having been of counsel in the cause, was absent when it was considered.