Hite *et al.* *v.* Fisher.

---

No. 8012.

## HITE ET AL. *v.* FISHER.

JUDGMENT.—*Default.*—*Setting Aside.*—*Excusable Neglect.*—On a motion, under section 99 of the code, to set aside a default, it may be shown, in excuse for not appearing to the action, that the officer did not read or give a copy of the summons to the defendant, but told him it was a subpœna for him as a witness in a case pending in another court and county than the one from which the summons issued, and that the defendant did not know or learn the truth; or that, though returned duly served upon him, he had no knowledge of the service of the summons, nor of the action, until after judgment was rendered against him.

SUMMONS.—Personal service of a summons may be had either by reading to and in the hearing of the party to be served, or by leaving a copy at his last and usual place of residence.

SAME.—*Sheriff's Return.*—*How far Conclusive.*—In respect to the jurisdiction of the defendant's person, the return of service is conclusive, but it does not estop the defendant from showing, for the pur-

---

Hite *et al. v.* Fisher.

---

pose of setting aside the default and being admitted to plead, that he was ignorant of the service and of the fact that the action was pending.

SAME.—*Garnishment.—Notice to Garnishee.*—From the day of the service of the summons, the garnishee is accountable to the plaintiff in the action, and can not, for the purpose of escaping such liability, dispute either the return of service or his knowledge of it.

SAME.—*Defence.*—The complaint or motion to set aside a judgment, and to be allowed to plead, must show a good defence to the action; and, if the defence claimed by a garnishee originated after the date of the service of the summons, as returned, it will not avail him, though he was ignorant of the garnishment, when he acquired his alleged defence.

From the Decatur Circuit Court.

*L. Sexton, C. Cambern, G. H. Puntenney* and *A. Irvin,* for appellants.

*J. S. Scobey,* for appellee.

WOODS, J.—The appellee sued Jacob H. Hite in attachment, and caused a summons in garnishment to be issued against the appellants William N. Hite, George W. Hite and Darius Patterson, who were residents of Rush county. The summons was duly returned, "Served by reading," etc., "April 20th, 1878," and judgment by default was taken against each of the appellants for a sum found due and owing by him to the principal defendant. Afterward, and within two years, the parties appeared and the appellants filed their motion, supported by the separate affidavit of each, to set aside the judgment and default, and for leave to defend. The appellee demurred to the motion. The court sustained the demurrer and gave judgment for the appellee. The appeal is from this judgment, and the question discussed by the counsel of the parties is, whether the appellants have shown such a case of "mistake, inadvertence, surprise or excusable neglect," as entitled them to relief under the 99th section of the code.

The excuse of William N. Hite for not appearing to the original action, as set forth in his affidavit, is, that "on the 20th day of April, 1878, the sheriff or deputy sheriff of Rush county, or some one else representing himself as such,

whom he has since learned to have been one —— Gray, bailiff, drove up to affiant's residence and said that he had a subpœna for him, affiant, to appear at Rushville, on the following Monday morning at 9 o'clock, in a bastardy trial, against Miletus Hite, a kinsman of affiant, but did not read said summons to him, nor hand the same to him to be read; that said Miletus, a short time theretofore, had a bastardy proceeding commenced against him, in Rushville, before a justice of the peace, in which action he had been bound over to the circuit court of said county of Rush, and said affiant having attended said trial before the justice of the peace, and being unacquainted with law and the times of holding court, supposed and believed that he was then and there subpœnaed to attend a trial of said cause at Rushville, and not elsewhere, on the Monday following, it being the 22d day of April, 1878, and prepared and intended to go to Rushville on said day, in obedience to said supposed subpœna, until he was informed by said Miletus that said cause would not be tried until the last of May following, which information he believed and relied on, and it was in fact true; that he had no other notice than that stated above of the pendency of a suit in garnishment, or of any other kind, in which affiant was either a party or witness; and that he did not know from any source whatever that these proceedings had been commenced against him, until he accidentally heard it in January, 1879. That for the reasons above stated, and none other, he made default in said action."

The excuse made by George W. Hite for his non-appearance and default is identical with that of said William N. Hite.

The affidavit of Darius Patterson, on this point, is as follows; "He says he is now, and was, a resident of Rush county on the 20th day of April, 1878, and was not, on that day or any other day, served with summons as garnishee in said cause, by said sheriff of Rush county, or by any one for him, either by reading or by copy left at his residence; that he was not at home when said sheriff, or his deputy, was at his

house on that day, if he or either was there; that he was absent in Decatur county on that day, and did not see said sheriff or his deputy on that day, or on any other day, when he was notified of any proceedings against him in that court, nor was any copy of any such notice left at his house, of which he now, or at any time, has had knowledge, * * and that he did not know of said judgment and proceedings against him, until after the 1st day of January, 1879.''

The objection to these affidavits, urged upon us by the counsel for the appellee is, that, instead of showing a case of "mistake, inadvertence, surprise or excusable neglect," they constitute an attempt to impeach the truth of the sheriff's return, which, under the authority of *Rowell* v. *Klein,* 44 Ind. 290, and *Splahn* v. *Gillespie,* 48 Ind. 397, it is claimed can not be done. The point is not well made. Personal service of a summons may be had in two ways, namely, by reading to, and in the hearing of, the party to be served, and by leaving a copy at his last and usual place of residence; and either mode of service, when the fact has been duly returned by the sheriff, gives the court jurisdiction of the person served. For the purpose of affecting or questioning the fact and validity of the service, and the jurisdiction of the court over the person of the party in the case wherein the summons was issued, the truth of the return may not be denied. It is conclusive between the parties as respects the fact of service, and the jurisdiction based thereon. But the application of the appellants is not to set aside the service, and does not involve the jurisdiction of the court over their persons in the case. The whole scope and significance of their motion is to show that while, in contemplation of law, they had been served with summons, they had no actual knowledge of the institution of the suit or procedure against them, and therefore, under the circumstances, are excusable for neglecting to appear and make the defences which they claim. For this purpose, upon every

principle of good conscience and right, and without violence to any rule of law or practice, it was competent for the appellants to make the showing which they did present; and, upon that showing, we think it clear that, within the meaning of the statute, the judgment was taken against them through their surprise and excusable neglect. *Smith* v. *Noe,* 30 Ind. 117; *Bush* v. *Bush,* 46 Ind. 70.

But, notwithstanding this conclusion, the judgment against the appellants George W. Hite and Darius Patterson must be affirmed. They each admit that they were indebted to the principal defendant at the time the summons was returned as served upon them, in the sums which the court found against them, and the only defence which they ask to be allowed to make is, that, after said judgment was rendered, and before they had knowledge thereof, they paid the amounts, which they owed, to Jacob Hite or to his assignee. This defence they could not make. The sheriff's return of service of the summons in garnishment upon them, as already stated, is conclusive of the fact of service; and, by the terms of the statute, "From the day of the service of the summons, the garnishee shall be accountable to the plaintiff in the action for the amount of money, property or credits in his hands, or due and owing from him to the defendant." Civil Code, sec. 176. This is so, whether the service was by reading or by copy left at his residence; and, for this purpose, it is immaterial whether he knew thereof before making a subsequent payment of his debt, or surrender of the money, property or credits in his hands, or did not know thereof. *Cleneay* v. *The Junction R. R. Co.,* 26 Ind. 375; *Ryan* v. *Burkam,* 42 Ind. 507; *Rowell* v. *Klein, supra; Splahn* v. *Gillespie, supra.*

The judgment against the appellants George W. Hite and Darius Patterson is therefore affirmed, with costs, but as to the appellant William N. Hite, the judgment is reversed, with costs.