No. 8479.

ZERGER *v.* FLATTERY ET AL.

JUDGMENT.—*Relief from.*—*Notice.*—*Default.*—*Infancy.*—A party who has no notice of the institution or pendency of a suit, or of the rendition of a judgment against him, upon a note executed by him while an infant, and who makes application to have such judgment set aside within two years of its rendition, is clearly entitled to such relief under section 396, R. S. 1881.

From the Whitley Circuit Court.

*W. Olds, M. Sickafoose* and *H. Wells, Jr.,* for appellant.
*J. S. Collins* and *J. W. Adair,* for appellees.

BEST, C.—This action was brought by the appellant against Lucas Flattery, George H. Anglemeyer and Adam F. McGinley, to set aside a judgment recovered by Lucas Flattery against the appellant and George H. Anglemeyer, and to restrain Adam F. McGinley, the sheriff, from selling the appellant's property upon an execution issued upon such judgment.

The facts stated in the complaint are briefly these: That appellant and George H. Anglemeyer, on the 21st day of July, 1877, made their several promissory notes to Lucas Flattery for $450, one of which was for $150, with interest at ten per cent. and attorney's fees, due the 21st day of October, 1877, and, at the same time, executed to him a chattel mortgage upon certain personal property in the complaint described, to secure the payment of said notes; that said Flattery, on the 8th day

of November, 1877, commenced a suit in the Whitley Circuit Court against the appellant and said Anglemeyer, upon said note of $150, and to foreclose said mortgage; that the summons, as to appellant, was returned served "by leaving a true copy at his last usual place of residence in this, Whitley, county," and that said Flattery, on the 20th day of November, 1877, recovered judgment against appellant, by default, for $170.50; that said Flattery, upon an order of sale, had caused all the property embraced in the chattel mortgage to be sold, except one horse, and on the 10th day of July, 1879, had caused an execution to issue upon said judgment, with which Adam F. McGinley, sheriff of said county, had levied upon, and had advertised for sale, certain personal property belonging to appellant, to satisfy said writ; that, at the time said suit was commenced, during its pendency and at the time said judgment was rendered, the appellant was not a resident of the State of Indiana, nor was he in the State, nor did he have any notice of the same until long after its rendition; but that, during all that time, he was a resident of DeWitt county, in the State of Illinois, and had no knowledge of said proceedings until the latter part of December, 1877; that, at the time said notes and chattel mortgage were executed, he was an infant less than twenty-one years of age, and did not become of age until the 25th day of May, 1879.

It was further averred, at great length, that the notes and mortgage were fraudulently procured; but, as a statement of these facts is not necessary to a decision of the case, we omit them.

A demurrer, for the want of facts, was sustained to the complaint, and this ruling presents the only question in the record.

This suit was commenced less than two years after the rendition of the judgment, and the appellant insists that the facts stated entitle him to relief from the judgment, under section 99 of the code.

That section provides that the court "shall relieve a party

from a judgment taken against him, through his mistake, inadvertence, surprise, or excusable neglect, * * on complaint or motion filed within two years." Section 99, Code of 1852.

Under this section it must appear that the party has a defence to the action, in whole or in part, and that the judgment was taken against him through his "mistake, inadvertence, surprise, or excusable neglect." The infancy of the appellant constituted a complete defence to the action, and, as the appellant had no actual notice of its pendency until after the rendition of the judgment, his omission to make his defence was certainly excusable. This much has been said upon the assumption that the service of the summons as made bound the appellant, which may well be doubted. *Wiley* v. *Pratt*, 23 Ind. 628; *Bagott* v. *Mullen*, 32 Ind. 332 (2 Am. R. 351).

However this may be, if the appellant is willing to come in and submit himself to the jurisdiction of the court, he is clearly entitled to have the judgment set aside and be allowed to make his defence. *Smith* v. *Noe*, 30 Ind. 117.

The fact, that the return upon the summons showed service of process upon the appellant, in no manner affected his right to have the judgment set aside. Such applications proceed upon the assumption that the judgment is valid until set aside. *Hite* v. *Fisher*, 76 Ind. 231.

The demurrer was improperly sustained, and the judgment should be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things reversed, at the appellee Flattery's costs, with instructions to overrule the demurrer to the complaint.