Coan *v.* Clow.

---

No. 8918.

## COAN *v.* CLOW.

JUDGMENT.—*Recitals Showing Service of Process.—Collateral Attack.—*A recital in the record of a judgment upon default in a court of general jurisdiction, that process had been duly served, nothing to the contrary appearing in the record, is conclusive against collateral attack; but if the process referred to is set out, the recital will not control as against one not named in the writ.

From the Clay Circuit Court.

*W. V. Burns, G. A. Knight* and *C. H. Knight,* for appellant.
*W. W. Carter,* for appellee.

WOODS, J.—The appellee procured a decree in partition setting off to her one-third in fee of land which had belonged to her husband and had been sold to the appellant under a

decree of foreclosure of a mortgage. The appellee had not joined in the execution of the mortgage, but, in the decree of foreclosure, the appellant had procured it to be found and declared that the mortgage was given for the purchase-money of the land. In the second paragraph of her complaint, the appellee alleged, among other things, that the mortgage was not given for purchase-money, but for money loaned by the appellant to her husband; that the decree of foreclosure was entered as upon default; that as to her the decree is void, because no summons was ever issued and served or returned as served upon her, nor any publication or proof of publication made in the cause as to her, and that she had no notice in fact of the pendency of the action until long after the rendition of the decree; that the appellant fraudulently procured an entry by the clerk, and stated to the court, that process had been served; that she files copies of the complaint, affidavit of non-residence, proof of publication, entries and other papers and proceedings in said cause and makes them part of the complaint, etc.

The exhibits referred to show that the appellee was named as a defendant in the complaint for foreclosure; the entry of proof of notice shows a notice which is entitled in the cause, but in its body names James B. Clow alone, and requires him only to appear and answer to the action; and after setting out the proof of publication the entry proceeds to say: "From which the court finds that the defendants have been duly and legally notified of the pendency of this action by notice published," etc.; and following this is an entry of the default of "the defendants each," and of the decree.

The appellant insists that this record shows that the appellee was served with process, and that, consequently, the decree is binding upon her, and establishes beyond dispute in this collateral way, that the mortgage was for purchase-money, and that, by his purchase under the decree, the appellant became vested with the entire title.

Some question has been made whether this paragraph is a

petition for partition, a complaint for review of the judgment of foreclosure, or a complaint for both purposes. This question need not be closely considered. We incline to treat the pleading as a petition for partition, and in this view the exhibits referred to constitute no proper part of it, and can not be regarded as affecting in any way the force of the averments made.

The question whether the appellee is bound by the judgment and decree of foreclosure is, however, in the record; and is, indeed, the important and controlling question in the case.

It is true, as counsel for the appellant claim, that recitals in the record of a judgment rendered by a court of general jurisdiction, showing the service of process, can not be disputed in a collateral way; but the record in this case, as in the case of *Hawkins* v. *Hawkins*, 28 Ind. 66, which is fully in point, shows affirmatively that the appellee was not notified of the pendency of the action; and, therefore, the judgment rendered does not bind her. The proof of notice on which the recital is based is set out in the record; the publication referred to does not purport to be a notice to the appellee; her name is not mentioned in the recital, and the abbreviated expression, "def'ts have been duly served," etc., can not be regarded as a finding or judgment of the court that a notice to one named is notice to another not named, even if it were conceded that such a judgment, if formally and explicitly rendered, would be binding until set aside.

Of the cases cited by appellant's counsel, the only one which seems to support his position is *Gale* v. *Parks*, 58 Ind. 117. The facts of that case are meagerly stated. The nature of the objection made to the process is not shown. It was presumably a defect in the publication or in the proof, and not, as in this case, an entire want of proof.

The objection made, that the finding and interlocutory order of the court for the appointment of commissioners to make partition do not specify the share or interest in the property to be set off to the appellee, is not supported by the record.

Judgment affirmed.