Krug, Sheriff, *v.* Davis.

---

No. 9276.

KRUG, SHERIFF, *v.* DAVIS.

JUDGMENT.—*Execution.*—*Injunction.*—*Collateral Attack.*—An action to enjoin the enforcement of a judgment by execution is a collateral attack, and can be maintained only upon a showing that the judgment is void.

SAME.—*Summons.*—*Service.*—*Default.*—It is not cause for enjoining the enforcement of a judgment taken upon default, that no summons was is-

sued under the seal of the court as required by law, that no such summons was ever issued and served in any manner, and that the party did not appear, and had no summons served upon him to appear to the action.

Same.—*Service of Process.*—*Sheriff's Return Conclusive.*—The return of the sheriff showing service of process being conclusive on the party, a judgment by default can be shown to be void for want of such service only by averment that the record does not show, and that there was in fact, no such return.

Same.—*Legal Presumptions, Comparative Strength of.*—The presumption of regularity in the final judgment of the court is stronger than the presumption that the sheriff did not make a false return of the process.

Same.—*Summons.*—*Seal of Court.*—A judgment by default is not void for want of the seal of the court upon the summons.

Pleading.—*Facts and Conclusions of Law.*—A pleading should state facts, not legal conclusions merely.

From the Montgomery Circuit Court.

*D. A. Roach* and *N. P. H. Proctor*, for appellant.

*G. W. Paul* and *J. E. Humphries*, for appellee.

Woods, C. J.—The appellant, as sheriff, had seized and was about to sell upon execution property of the appellee. The appellee obtained a judgment enjoining the sale, on a complaint wherein it is alleged that the judgment on which the execution was issued was void for the want of notice to the defendant. The appellant now insists, under a proper assignment of error, that the court erred in overruling his demurrer for want of facts to the complaint.

We need give only the allegations of the complaint in reference to the issue and service of the summons, as the sufficiency of the pleading in any other respect is not disputed. Upon this point it is averred: "That no summons was issued by the clerk of the court in said cause under the seal of the court, and directed and delivered to the sheriff of the county, as required by law, and no such summons was ever issued by the clerk of said court, nor served upon this plaintiff in any manner whatever; * * * that the court entered and rendered a pretended judgment against this plaintiff, * * by having him called and defaulted on the 25th day of September, 1879, and that plaintiff did not appear in said action in said court,

:and had no summons served upon him to appear in said action,. and upon such default the court rendered the judgment."

It is a familiar doctrine that such a proceeding to enjoin the enforcement of a judgment by execution constitutes a collateral attack upon the judgment and can not be maintained on account of errors or irregularity merely, but only upon a showing that the judgment is void. *Gall* v. *Fryberger*, 75 Ind. 98; *Featherston* v. *Small*, 77 Ind. 143; *Stout* v. *Woods*, 79 Ind. 108.

The facts stated in this complaint do not show that the judgment in question was void. The allegation that no summons was issued under the seal of the court, and directed and delivered to the sheriff, *as required by law*, and that no such summons was ever issued, etc., is not good because, instead of alleging the facts, it states only a legal conclusion. *Clark* v. *Lineberger*, 44 Ind. 223; *Kellogg* v. *Tout*, 65 Ind. 146; *Jackson School Tp.* v. *Farlow*, 75 Ind. 118; *Caskey* v. *City of Greensburgh*, 78 Ind. 233.

If, however, it be conceded that the seal of the court was not in any manner stamped upon the summons, the validity of the judgment was not affected by the omission. *Boyd* v. *Fitch*, 71 Ind. 306; *State* v. *Davis*, 73 Ind. 359.

It is alleged that the plaintiff did not appear to the action, " and had no summons served upon him to appear." If this be regarded as an averment that there was in fact no service of summons, with or without the seal of the court, there is still a failure to show that the court did not acquire jurisdiction of the defendant, because it is not alleged that the sheriff did not make return of a summons showing a proper service thereof upon the appellee.

It must be regarded as well settled in this State, that the truth of a sheriff's return, showing the service of process, can not be disputed by the party, even upon a direct application before default to have the return set aside or corrected, and much less, in reason, after the rendition of judgment, and by way of collateral attack. *Rowell* v. *Klein*, 44 Ind. 290

(15 Am. R. 235); *Splahn* v. *Gillespie,* 48 Ind. 397; *Johnson v. Patterson,* 59 Ind. 237; *Stockton* v. *Stockton,* 59 Ind. 574; *Hite* v. *Fisher,* 76 Ind. 231.

It necessarily follows that besides, or instead of, denying the fact of service, the complaint should have alleged that there was not in fact, and the record of the judgment did not show, a return of service of summons upon the judgment defendant. It can not be presumed, in aid of the complaint, that the sheriff did not make a false return, because there is a stronger presumption in favor of the regularity and validity of the proceedings and judgment of the court.

Judgment reversed, with instructions to sustain the demurrer to the complaint.