Nichols *v.* Nichols *et al.*

No. 11,176.

NICHOLS *v.* NICHOLS ET AL.

| 96 433|
|142 101|

JUDGMENT.—*Default.*—*Complaint for Relief Against.*—A complaint to set aside a judgment by default, which fails to show a specific defence to the action, is bad.

SAME.—*Summons.*—*Sheriff's Return.*—A sheriff's return, showing service of the summons, can not be questioned in a suit to set aside a default.

DEMURRER.—*Practice.*—A joint demurrer to several paragraphs of an answer must be overruled if one of the paragraphs is good.

From the Montgomery Circuit Court.

*J. Wright, J. M. Sellers, P. S. Kennedy, W. T. Brush* and *T. S. Rollins,* for appellant.

*G. W. Paul* and *J. E. Humphries,* for appellees.

FRANKLIN, C.—Appellant, on the 5th day of September, 1881, filed an amended complaint to set aside a default and judgment taken and rendered against him on the — day of September, 1879, the original complaint herein having been filed August 25th, 1881.

The defendants answered in five paragraphs. A demurrer was sustained to the second, and overruled to the third, fourth and fifth paragraphs, the first being a denial.

A reply was filed in two paragraphs, the first being a denial. There was a trial by the court, finding for defendants, and, over a motion for a new trial, judgment was rendered for the defendants.

The only error assigned and insisted upon is the overruling of the demurrer to the third, fourth and fifth paragraphs of the answer.

We first examine as to the sufficiency of the complaint, for the reason that a bad answer is good enough for a bad complaint, and if the complaint is bad, and a demurrer has been overruled to the answer, it makes no difference whether the answer is good or bad.

The complaint alleges, in substance, the commencement of

VOL. 96.—28

the original suit, then sets out a copy of the complaint therein, with an accompanying exhibit of a trust deed to one Wilson in part for the use of the defendants herein and plaintiffs therein, executed by this plaintiff and wife. It then avers that the summons therein " was regularly issued in said case to the sheriff of Marion county for the then defendant George D. Nichols, and was afterwards returned endorsed as follows, as to said Nichols : ' Served by reading and delivering a copy of this writ to George D. Nichols, August 14th, 1879. JOHN T. PRESSLEY, Sheriff of Marion County.'"

It then alleges the default and judgment on the — day of September following. It then avers that the judgment was rendered without any notice to him ; that no summons in said case had been served upon him, and that he had no knowledge of said proceedings and judgment for more than one year after said judgment was rendered ; that the summons had been served upon another man of the name of George D. Nicholas, but not upon this plaintiff ; that he has a " good and meritorious defence to a large part of the claim sued for in said complaint, in this, to wit, that he did not and does not owe said plaintiffs any sum whatever, except about $1,200 ; that the judgment is wrongful and without any foundation." Making William Dunkle and Rebecca Dunkle defendants, alleging that they had purchased the land the title to which had been by said judgment decreed quieted in said plaintiffs therein. It contains no offer to pay the amount admitted to be due.

This plaintiff had been the guardian of the plaintiffs in the original suit, and in that suit they charged him with having invested a large amount of their money in lands in his own name, which he held in trust for them, and which they recovered and had their title quieted to in said suit, and recovered a judgment for $2,000 for other moneys belonging to them, which he had converted to his own use.

The complaint to set aside the default and judgment fails to deny the use and investment of his wards' money in the pur-

chase of lands in his own name, and does not show any defence to that charge, if the default and judgment should be set aside.

A complaint to set aside a default and judgment, in order to be good, must specifically allege a defence; a general charge that the complaint, in relation to the land, "was wholly wrongful and without any foundation," is not sufficient. *Lake* v. *Jones*, 49 Ind. 297; *Bristor* v. *Galvin*, 62 Ind. 352; *Slagle* v. *Bodmer*, 75 Ind. 330; *Lee* v. *Basey*, 85 Ind. 543. But there is a more fatal objection urged to this complaint; it seeks to contradict the return of the sheriff upon the summons. This can not be done. The return of the sheriff of service upon the summons is conclusive against the defendant in the action.

This complaint shows that the summons in the original case was returned by the sheriff endorsed, "Served by reading and delivering a copy of this writ to George D. Nichols." And the plaintiff in this case can not be permitted now to successfully allege that the summons was not served upon him, but upon one "George D. Nicholas." If the sheriff made a false return appellant must look to him for indemnity, if he has been damaged thereby, and can not have the default and judgment set aside on that account. *Rowell* v. *Klein*, 44 Ind. 290 (15 Am. R. 235); *Splahn* v. *Gillespie*, 48 Ind. 397; *Johnson* v. *Patterson*, 59 Ind. 237; *Stockton* v. *Stockton*, 59 Ind. 574; *Hume* v. *Conduitt*, 76 Ind. 598; *Birch* v. *Frantz*, 77 Ind. 199; *Johnston, etc., Co.* v. *Bartley*, 81 Ind. 406; *Coan* v. *Clow*, 83 Ind. 417; *Krug* v. *Davis*, 85 Ind. 309.

Considering the return of the sheriff of service of process upon the appellant, in the original action, as conclusive against him, there is no sufficient reason shown why he did not appear and set up his defence in the original action. The complaint to set aside the default and judgment was insufficient, and there was no error in overruling the demurrer to the third, fourth and fifth paragraphs of the answer.

If this were not so, the demurrer was a joint demurrer to

the second, third, four and fifth paragraphs of the answer, and the assignment of errors is a joint assignment upon the overruling of the demurrer to the third, fourth and fifth paragraphs of the answer. If any one of the paragraphs to which the demurrer was overruled is good, there was no error in overruling the demurrer.

The answer was filed by Dunkle and wife, and the fourth paragraph thereof substantially alleges the bringing of the original suit and the rendition of the judgment, embracing therein a copy of the judgment, which states, " It appearing from the writ issued in this cause, with the sheriff's return endorsed thereon, to wit (insert), that the same was served on the defendants, George D. and Sarah Nichols, more than ten days before the first day of the present term of this court, to wit, on the 21st day of August, 1879.

" That on the faith of said judgment, and believing that said decree and judgment were valid and binding, and without any knowledge of any defect in or want of service of summons on said George D. Nichols, they, in good faith, purchased said land in said decree described of the said James A. B. Nichols, Harriet J. Killen and Mary Nichols, widow of the said William H. Nichols, on the —— day of March, 1881, and before the plaintiff had taken any steps to have the said default and judgment set aside, the complaint in this case not being filed until the 25th day of August, 1881, and had paid a large portion of the purchase-money, to wit, $2,000, and had assumed the payment of the Dundee Trust and Investment Company's mortgage thereon for $4,-000, and since that time have been compelled to pay the same with $694.94 interest thereon, which mortgage was executed by said George D. Nichols on said land, and is now fully paid off by these defendants, on the faith of the decree and judgment aforesaid, and the purchase and conveyance of said land aforesaid, and that they are in full possession of said land under said purchase, and were so in possession before the commencement of this suit."

We think this paragraph of answer stated facts sufficient to bar the plaintiff from having said default and judgment set aside for the want of the service of process upon him, when the record shows there was such service. And without discussing the other paragraphs of answer to which the demurrer was overruled, we think there was no error in overruling the demurrer.

The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be in all things affirmed, with costs..

