Nietert *v.* Trentman *et al.*

quoted, the appellant's motion for a new trial ought to have been sustained.

The judgment is reversed, and the cause remanded for a new trial.

Filed Dec. 10, 1885; petition for a rehearing overruled Feb. 20, 1886.

————————◆————————

No. 12,189.

## Nietert *v.* Trentman et al.

JUDGMENT.—*Default.*—*Complaint for Relief Against.*—*Excuse for Non-Appearance.*—*Failure to Serve Summons May be Shown Notwithstanding Sheriff's Return.*—In a proceeding under the statute (section 99, 2 R. S. 1876, p. 82; section 396, R. S. 1881) to set aside a default and to be relieved from a judgment, the plaintiff may show, as an excuse for not appearing to the action in which he was defaulted, that the summons was not in fact served upon him, and that he had no notice of the pendency of the action, or of the rendition of the judgment, notwithstanding the fact that the sheriff's return shows service by reading. *Nichols* v. *Nichols,* 96 Ind. 433, limited. ELLIOTT and HOWK, JJ., dissent.

From the Allen Circuit Court.

*S. R. Alden,* for appellant.

*H. Colerick* and *W. S. Oppenheim,* for appellees.

NIBLACK, J.—This was a proceeding upon a complaint to have a default set aside and to be relieved from a judgment, under section 99, 2 R. S. 1876, p. 82; see, also, R. S. 1881, section 396. The complaint was filed on the 19th day of April, 1875, and some proceedings, with both parties before the court, were had upon it, but, apparently owing to the loss of the original papers, further proceedings were, after a time, suspended until the 21st day of February, 1885, when a substituted complaint was filed. This substituted complaint avers that, on the 5th day of February, 1875, August C.

Nietert *v.* Trentman *et al.*

Trentman, as the surviving partner of the firm of B. Trentman & Son, filed his complaint in the Allen Circuit Court against one Henry Nietert and the appellant, Christian Nietert, upon a promissory note for $263.10, purporting to have been executed by the said Henry Nietert and the appellant, and upon an open account charging a joint indebtedness against the same persons in the sum of $626.31; that on the same day a summons was issued upon that complaint and returned by the sheriff "served by reading to Henry Nietert and Christian Nietert, this February 5th, 1875;" that afterwards, on the 15th day of February, 1875, a default was entered against the said Henry Nietert and the appellant, because of their failure to appear to the action, and on the next day judgment was rendered against them upon the note for $315.70 and upon the account for $626.31; that the summons issued in said action was never really served upon him, the appellant; that he never received notice of any kind or from any source of the pendency of that action, or of the rendition of said judgment until an execution was issued and served upon him; that the appellant was only surety upon the note sued on, and had fully paid that part of the judgment which rested upon the note before the commencement of this proceeding; that he had and still has a good and meritorious defence to so much of the action as was based upon the open account, in this, that he was never liable for any part or item of that account; that the goods charged for in its several items were sold solely and only to his co-defendant Henry Nietert, to whom alone credit was at the time given; that by reason of the facts herein charged the appellant's apparent neglect in not appearing to the action and setting up his defence was excusable. Wherefore the appellant demands that the default and judgment be set aside, and that he be permitted to make his defence to so much of the action as involves his liability upon the open account. Henry Nietert was made a co-respondent with Trentman to answer as to the matters charged as above.

Trentman demurred separately to the complaint, and, his demurrer being sustained, final judgment was rendered against the appellant upon demurrer.

The case of *Nichols* v. *Nichols*, 96 Ind. 433, is relied upon by counsel for Trentman as fully sustaining the decision of the circuit court appealed from in this case; also as practically overruling the case of *Hite* v. *Fisher*, 76 Ind. 231, and as very much limiting as a precedent the case of *Smith* v. *Noe*, 30 Ind. 117.

The case thus relied on does seemingly place a less liberal construction upon the statute authorizing relief from judgments in certain cases than the two preceding cases referred to, but we can not accord to that case so broad an application as is claimed for it on Trentman's behalf. It does reassert in very strong and comprehensive terms the doctrine that, as a general rule, where a sheriff is, in any particular respect, authorized to make a return of his proceedings, the matters returned by him can not, as between the parties to the action, be controverted by extrinsic evidence, but is conclusive upon them, except in an action against the sheriff for a false return, but so far as that case may be construed as holding that a party, upon whom a summons has been returned as served, may not, under some circumstances, be permitted to show that the summons was not in fact served upon him as an excuse for not appearing in the action in time to save a default, the holding in that respect ought, we think, to be limited to the facts of that particular case, and not treated as one of general application. As a rule of general application, we are inclined rather to follow the conclusion reached in the case of *Hite* v. *Fisher*, *supra*, as to what may be shown as an excuse for not promptly appearing in obedience to a summons. That case impresses us as being more in accord with the spirit of the statute under which this proceeding was instituted, than the case of *Nichols* v. *Nichols*, *supra*, would be, with the construction placed upon it which counsel for Trentman seek to have given to it.

It must be borne in mind that the section of the statute in question is the last expression of the legislative will on the subject of the non-conclusiveness of defaults and judgments in certain cases.   We assume, therefore, that this older rule as to the conclusiveness of sheriffs' returns ought to be enforced in the light of that section of the statute. If a default may be taken against a defendant who has not been really served with a summons, upon a false return of the sheriff, and if such want of actual service of the summons can not be urged as a reason for setting aside the default, then injuries may be inflicted upon defendants in many cases for which an action against the sheriff would afford no adequate remedy.

The object of this proceeding is neither to set aside the service of the summons, nor to question the jurisdiction which the circuit court acquired over the appellant in virtue of the sheriff's return, but is simply and only to have a default taken against the appellant during the progress of the cause set aside upon the ground that up to that time he had no actual knowledge of the pendency of the action against him, and that hence his neglect in not appearing in time to make his defence was excusable.   The facts averred constitute what appears to us to be a well sustained case of excusable neglect on the part of the appellant. As a practical question, we know of no better excuse for the non-appearance of a party at the proper time than that he had never in any way received actual notice of the pendency of the suit.   *Bertline* v. *Bauer*, 25 Wis. 486 ; 3 Wait Pr. 665.   See, also, the case of *Zerger* v. *Flattery*, 83 Ind. 399.

The judgment is reversed, with costs, and the cause remanded for further proceedings.

Filed April 11, 1885.

## DISSENTING OPINION.

ELLIOTT, J.—I am compelled to dissent from the conclusion reached in the prevailing opinion.   There is but one point decided and that is this: A defendant may, for the pur-

pose of setting up a defence, contradict a sheriff's return to the summons.    The question is not whether a defendant may show some excuse for not obeying a summons or may be relieved on the ground of fraud, but whether he may directly contradict the sheriff's return.    The complaint does not admit service and offer an excuse for a failure to appear; on the contrary, it broadly denies service.    The pleading tenders only one issue, service or no service.    The only question before us, therefore, is, whether a defendant can contradict the sheriff's return?

It seems to me that it is not consistent with principle to permit the official return of a sworn officer to be contradicted, and that it is a departure from principle that will result in serious evil.    There ought to be more respect given to a disinterested officer's official act than to the statement of an interested party, and yet the view of the majority places both on substantially the same footing.    Great harm, as it seems to me, will result from the ruling here announced, for it destroys the force which should attach to official acts, makes judicial proceedings uncertain and titles precarious.    A sheriff can not always remember the parties served, and if we depart from his official return all is left to human memory, which at best is treacherous and uncertain.

Two cases are relied on by the majority, and these are *Hite* v. *Fisher*, 76 Ind. 231, and *Smith* v. *Noe*, 30 Ind. 117.    It is with great deference that I submit that the first of the cases cited does not support the conclusion reached by the majority opinion.    The default in that case was set aside as to one only of the defendants, and the affidavit of that defendant, William N. Hite, shows an excuse for not responding to the summons.    It is the existence or non-existence of an excuse for not responding to the summons that marks the difference between the two classes of cases.    It was not necessary to decide in *Hite* v. *Fisher, supra*, that the return of the sheriff can be contradicted by a party, nor, as I understand the opinion, was it decided.    All that was decided is, that the de-

fendant showed an excuse for not appearing in obedience to the writ. That I am correct in this is apparent from the decision in *Krug* v. *Davis*, 85 Ind. 309, where the opinion was written by the same judge who wrote the opinion in *Hite* v. *Fisher, supra,* and where it was said: " It necessarily follows that besides, or instead of, denying the fact of service, the complaint should have alleged that there was not in fact, and the record of the judgment did not show, a return of service of summons upon the judgment defendant." *Smith* v. *Noe, supra,* does, perhaps, sustain the views of the majority, although the real ground of that decision is that the defendant was not a resident of the State.

The cases asserting that the return of the sheriff to a summons or other writ is conclusive are very numerous, and in all of them it is decided that the return can not be contradicted, although an excuse for not appearing may be shown. In the latest decision upon this subject, the question was presented as it is here, was directly in the case, was discussed, was decided, and there is no possible way of reconciling the decision in that case with the conclusion which the majority announce in this case. *Nichols* v. *Nichols,* 96 Ind. 433. The decision in the case cited is supported by a long line of cases and has been for years the settled rule in this State. *McConnell* v. *Hannah,* 96 Ind. 102, *vide* p. 103; *Hessong* v. *Pressley,* 86 Ind. 555, *vide* p. 559; *Krug* v. *Davis,* 85 Ind. 309; *Cavanaugh* v. *Smith,* 84 Ind. 380, *vide* p. 381; *Clark* v. *Shaw,* 79 Ind. 164; *Hume* v. *Conduitt,* 76 Ind. 598, *vide* p. 600; *State* v. *Davis,* 73 Ind. 359; *Fry.* v. *Gallaspie,* 61 Ind. 478; *Johnson* v. *Patterson,* 59 Ind. 237, *vide* p. 240; *Meredith* v. *Chancey,* 59 Ind. 466, *vide* p. 469; *Stockton* v. *Stockton,* 59 Ind. 574, *vide* p. 578; *Splahn* v. *Gillespie,* 48 Ind. 397; *Rowell* v. *Klein,* 44 Ind. 290 (15 Am. R. 235); *Williams* v. *Case,* 14 Ind. 253; *Harlan* v. *Harris,* 17 Ind. 328; *Lines* v. *State, ex rel.,* 6 Blackf. 464; *Goodtitle* v. *Cummins,* 8 Blackf. 179; *Hamilton* v. *Matlock,* 5 Blackf. 421. For cases in other courts see Murfree Sheriffs, section 668, auth. n.

The argument that the sheriff's return is conclusive for the purpose of giving jurisdiction, but not for the purpose of conferring authority to conclude the defendant from making a defence is, I respectfully affirm, radically unsound. If the court acquires jurisdiction, then it has authority to pronounce judgment, and if it has authority to pronounce judgment, its judgment is valid and conclusive. It seems to me logically impossible to separate the jurisdiction from the authority to pronounce a valid judgment. If there is jurisdiction of the subject-matter and of the persons, the judgment is valid and effective.

If a defendant is not served with process, then there is no jurisdiction, and without jurisdiction there can be no valid judgment. If, therefore, there was no service there was no jurisdiction, and the defendant, in asserting that there was no service of process, does not simply assert that there was an erroneous proceeding, but that there was, in legal contemplation, no judgment at all. There is, therefore, no middle ground. Either there was jurisdiction, or there was not jurisdiction; if there was jurisdiction, the judgment is valid; if there was not, the judgment is a mere nullity. The only logical course, as it seems to me, is to hold that by contradicting the sheriff's return the defendant may show that there was no jurisdiction, or that there was jurisdiction, and, therefore, a valid judgment. As our cases have so long and so uniformly held that a defendant can not contradict the return, there is, as I view the question, only one course, and that is to hold that the return can not be contradicted, and consequently that there is jurisdiction and a valid judgment.

If it be granted that the return is conclusive, then it is legally impossible that a contradiction of the return can constitute an excuse. If the return is conclusive, no showing against it can be made for any purpose; if it is not conclusive, then a showing may be made against it for any legitimate purpose, so that, in order to hold that an excuse is made out by

showing that there was no service, it must also be held that the return is not conclusive.

It is difficult to perceive on what ground a defendant can be allowed to plead as an excuse a contradiction of a sheriff's return, when that return is conclusive. An excuse can not be made out by showing what the law prohibits a party from showing.

The statute authorizing the setting aside of defaults upon proper excuse shown can not, in my opinion, be construed to mean that a defendant may show as an excuse a fact which the law concludes him from averring. The excuse meant by the statute is such, and such only, as there is no established rule of law prohibiting a party from making. A party can not have a legal excuse where there is a rule of law declaring that he may not set up the facts which he assumes constitute the excuse. The statute ought, I readily agree, to be liberally construed, but it ought not, as I think, to be so construed as to allow a defendant to construct an excuse out of facts which a long settled rule of law forbids him from averring. If a defendant, in addition to showing no service, should show facts indicative of fraud, then a case would be made out justifying judicial interference. This he might readily do by averring that the plaintiff knowingly took a judgment he was not entitled to, or by averring other facts establishing fraud. There are, indeed, many things that would justify an opening of the judgment, so that the defendant is not remediless.

Other reasons might be urged in support of the views here hastily and imperfectly outlined, but the time at my command will not permit a more extended discussion.

Howk, J., concurs in this opinion.

Filed April 11, 1885.

## On Petition for a Rehearing.

Zollars, J.—The numerous cases cited by appellees' learned counsel, and in the dissenting opinion, assert the general rule, that a sheriff's return to a summons can not be

contradicted by the parties, in order to overthrow the service and defeat the jurisdiction of the court over the person of the defendant; and that such officer's return to such summons, or to any other writ, to which it is his duty by law to make a return, can not be controverted by the parties in a collateral proceeding. In none of them was the question presented as in this case, except in the case of *Nichols* v. *Nichols,* 96 Ind. 433, which was noticed in the principal opinion.

The case of *Angell* v. *Bowler,* 3 R. I. 77, cited by appellees' counsel, is where a party appeared for the sole purpose of dismissing the action, by disputing the sheriff's return. That is not this case. The case of *Stoors* v. *Kelsey,* 2 Paige, 418, was a collateral attack upon a sheriff's return to an execution; and so the case of *Taylor* v. *Lewis,* 2 J. J. Marshall, 400, was an action to enjoin the collection of a judgment, on the ground that the summons had not been served upon the defendant in the original action. That was a collateral attack, and in the decision of the case the court asserted the general rule, that in such cases the sheriff's return was conclusive as between the parties. This again is not the case before us.

It is a rule everywhere that a party to an action is entitled to have his day in court, and that no one should be convicted or mulcted in damages without a hearing, or an opportunity to be heard. In furtherance of this rule, it was enacted in this State in 1852, if not before, that the court might, in its discretion, at any time within one year, relieve a party from a judgment taken against him through his mistake, inadvertence, surprise, or excusable neglect. This left the relief discretionary with the court. The code of 1881 extends the time to two years, and makes the granting of relief the imperative duty of the court. 2 R. S. 1876, p. 82, section 99; R. S. 1881, section 396; *Smith* v. *Noe,* 30 Ind. 117.

These statutes show that the Legislature intended that full opportunity should be afforded to all persons to make whatever defence they may have to actions brought against them.

Nietert *v.* Trentman *et al.*

The rulings of the courts have been that such statutes should be liberally construed, so that their purpose may be carried out.

It is conceded here, that if appellant, in his complaint, had admitted that the summons was served upon him, he might then render an excuse, and a sufficient excuse, for not having appeared to the action, and hence have the default set aside and be allowed to make a defence. The contention is, that because he asserts that no summons at all was served upon him, therefore he can have no relief under the statute. Granting this contention, it would seem to result in this: If a party has been served with summons, and thus afforded, at least, some opportunity to appear and make a defence, and he neglects to do so, he may render an excuse for the neglect, have the judgment opened, and make his defence afterwards. If he has not been served at all, and has thus had no opportunity to know of the action against him, and hence no opportunity to appear and defend, he can render no excuse that will entitle him to relief under the statute. In other words, where he ought to have the lesser excuse, an excuse can be made available, but where he ought to have the greater excuse, he can have no excuse at all.

The construction of the statute contended for would, to a large extent, thwart the purpose of the statute, and should not not be given to it unless imperatively demanded by some rule of the law. The rule invoked by appellees is the general rule, that the sheriff's return can not be contradicted, and it is said that the one question presented is, can the sheriff's return be contradicted? Thus broadly stated, that is not the one question presented by appellant's application to be allowed to defend the action. He does not assert that the judgment is invalid; he does not assert that the court acquired no jurisdiction over him because the summons was not served upon him. His complaint is not to have the judgment declared a nullity; on the contrary, he impliedly admits the validity of the judgment and the jurisdiction of the court over

him, by asking that the judgment be opened and he be allowed to defend.   He can not dispute the service for the purpose of assailing the judgment as void, nor of disputing the jurisdiction of the court over him; he can not do this by reason of the rule invoked by appellees.   That rule says, that for the purpose of jurisdiction the return of service by the officer is conclusive, although, in fact, there may have been no service.

The officer having made a return of service upon appellee, therefore, for the purpose of acquiring jurisdiction over him, he was in law served with summons.   He neglected to appear and was defaulted.   The statute says, that if he can show surprise or excusable neglect, that default shall be set aside.   For the purpose, and for the sole purpose of showing a sufficient reason for not appearing and making defence, he asserts that the summons was not, in fact, served upon him, and that hence he had no actual notice or knowledge of the action against him; and that having had no such notice or knowledge is his excuse for not appearing and defending the action, and is the excusable neglect on account of which he should now be allowed to defend.   This certainly is a reasonable and a sufficient excuse, and one that he ought to be allowed to make, in order that he may have his day in court.   Such an excuse no more overthrows or unsettles judgments than the excuse that the party did not, for reasons given, understand the summons, and many like excuses that have been held sufficient under our statute and like statutes of other states.   It is not a sufficient answer to say that a party may have his remedy against the sheriff for a false return.   The sheriff's bond, in this State, is in the amount of $5,000.   The judgment by default and upon the incorrect and false return may be for $50,000 or more.

It is difficult to understand how it can be contended that the cases of *Hite* v. *Fisher*, 76 Ind. 231, *Smith* v. *Noe*, 30 Ind. 117, and *Zerger* v. *Flattery*, 83 Ind. 399, are not in point in support of the principal opinion.

Nietert *v.* Trentman *et al.*

In the case of *Hite* v. *Fisher, supra,* judgment in garnishment had been taken against William N. Hite, George W. Hite and Darius Patterson by default. The summons as to them was returned as served by reading. They made application under the statute to have the judgment opened and to be allowed to defend. The Hites based their application upon the fact that the summons was not read to nor by them; that the bailiff told them he had a subpœna for them, but read nothing to them. They thus asserted a fact contradictory of the officer's return. Patterson based his application upon the fact that the summons was not served upon him, either by reading or a copy, and that he had not seen the officer at all. He thus stated facts contradictory of the sheriff's return. This asserted want of service, and hence want of notice, was offered as an excuse for the failure of the parties to appear, and as a reason why the judgment should be opened, and they be allowed to defend. The question was made that their application should be rejected, because they were attempting to contradict the officer's return in order to furnish an excuse for not having appeared. In answer to this contention it was said: "It (the return) is conclusive between the parties as respects the fact of service, and the jurisdiction based thereon. But the application of the appellants is not to set aside the service, and does not involve the jurisdiction of the court over their persons in the case. The whole scope and significance of their motion is to show that while, in contemplation of law, they had been served with summons, they had no actual knowledge of the institution of the suit or procedure against them, and therefore, under the circumstances, are excusable for neglecting to appear and make the defence which they claim. For this purpose, upon every principle of good conscience and right, and without violence to any rule of law or practice, it was competent for the appellants to make the showing which they did present; and, upon that showing, we think it clear that,

within the meaning of the statute, the judgment was taken against them through their surprise and excusable neglect."

What was said by the same learned judge in the case of *Krug* v. *Davis*, 85 Ind. 309, is not at all in conflict with the above, because that was a case of collateral attack, and not a case to set aside a default under the statute.

In the case of *Smith* v. *Noe, supra,* the defendant, although a non-resident of the State, was served with summons in this State. Such *bona fide* service upon a non-resident gives the courts of this State jurisdiction of the person, the same as if he were a resident of the State. The case, therefore, did not turn upon the fact that the defendant was a non-resident of the State except so far as that fact had a bearing upon his neglect to appear to the action. The summons was in fact served upon him on Sunday. The sheriff's return showed that it was served on Monday. A service on Sunday is void, and if the sheriff's return had shown the service to have been on Sunday, the court would have rejected it, and the defendant would not have been defaulted. Upon the application to have the default set aside for the purpose of a defence, the defendant was allowed to contradict the return, and show that the summons was in fact served on Sunday, not for the purpose of defeating the jurisdiction of the court over him, but for the purpose of showing that he had an excuse for not appearing, in that he had a right to expect that the sheriff would make a true return, and as such a true return would have defeated the summons, the defendant's reliance upon such a return being made, furnished some excuse for his not appearing.

The case of *Zerger* v. *Flattery, supra,* is in full accord with the two cases above examined. They are there both cited and approved. In that case, again, the defendant was allowed to contradict the sheriff's return, not for the purpose of defeating the jurisdiction of the court over him, but for the purpose of rendering an excuse for not appearing to the action, and hence as furnishing a reason why the default should be set aside and he be allowed to defend.

We are not without authority elsewhere in support of the principal opinion. The case of *Mosseaux* v. *Brigham*, 19 Vt. 457, was decided under sections of the law of that State found in the revised statutes of that period. That revision is absent from our library, but we find in the revised statutes of that State, 1863, pp. 282, 334, sections 39, 7, what are evidently the same as the sections referred to in the opinion in the above case. These statutes provided that justices of the peace might set aside a default at any time within two hours after the rendition of the judgment. They also provided that when a judgment should be rendered by a justice of the peace upon a default, and the defendant should be unjustly deprived of his day in court by fraud, accident or mistake, or should be prevented from entering an appeal from the judgment of a justice of the peace by fraud, accident or mistake, the county court might, on the petition of the person aggrieved, in its discretion, and on terms, reverse and set aside the judgment of such justice, and proceed to hear, try and determine the action, etc.

In the above case, the party against whom judgment had been rendered by the justice upon default petitioned the county court to set aside that judgment, and to be allowed a trial in the case. He alleged in his petition that he had no notice of the suit until after the rendition of the judgment. It appeared from the record of the justice of the peace in the original suit, that notice to the petitioner of the pendency of that suit was proved prior to the rendition of the judgment against him by default. In support of his application, the petitioner was allowed to prove that he, in fact, had no notice, the justice's record to the contrary notwithstanding. It was contended in the Supreme Court, that the admission of that evidence was erroneous, upon the ground that the service shown by the justice's record could not be thus contradicted. The court held otherwise.

After noticing the fact that the justice's record showed notice to the defendant and suggesting the inquiry as to whether

that was an obstacle in the way of relief, and after recognizing and restating the general rule, that the record of a court having jurisdiction of the subject-matter imports absolute verity, the court said: "If the revisory power of the county court, over the judgments of a justice, could not be exercised, where it appeared from the record that the defendant had had notice of the suit, by disproving the notice, a large class of the most probable cases of accident and mistake, if not of fraud, would be excluded from its consideration. The fact of notice usually appears in the officer's return on the writ; and that return, becoming a part of the record, is of equal verity, between the parties to the suit, with a record of the proof of notice. If the officer, in his copy left with the defendant, by mistake inserts a more distant day for the holding of the court, than that in the writ, or by mistake delivers his copy to a person other than the defendant, by reason of which a default is taken, shall the party, in such case, be allowed to enjoy the fruits of an unjust judgment, and the defendant be turned over to an uncertain remedy against an innocent officer? Or may not the county court, on such terms as shall preserve the rights of the plaintiff, set aside the default, and allow the injured party a trial? Such a case presents quite as strong a case for relief, as a case where the defendant, having notice, is prevented by some accident from reaching the place of trial at the appointed time. In the latter case additional precautions in the defendant might, perhaps, have guarded him against the injury; but in the former no diligence of the party could prevent it. Both classes of cases seem to have been designed to be provided for by the statute; and, as the county court is clothed with the power of granting the relief on such terms as will preserve the rights both of the plaintiff and defendant, the furtherance of justice, as well as the language and intention of the Legislature, appear to require, that the statute should receive the extended construction we have given it." The reason-

ing in that case is applicable to our statute and the case before us.

There was a provision in the California code like that in ours, that the court might relieve a party from a judgment taken against him through his mistake, inadvertence, surprise or excusable neglect. Code of California, published in 1872, section 473 (68).

The case of *McKinley* v. *Tuttle*, 34 Cal. 235, was an application, under the above section of the code, to set aside a judgment on the ground that the petitioners had no notice or knowledge of the judgment until after the expiration of the term. This was resisted upon the ground that the record showed that they appeared and defended by attorneys. In noticing the contention, that the petitioners could not contradict the record, by showing that they had no notice or knowledge of the judgment, the court said: "Such would doubtless be the result if the question had arisen collaterally, but not so in a direct proceeding in the same action to set aside the judgment under section 68. In such a case the parties are not concluded by the record in any respect; on the contrary they are allowed to show the true facts by any competent evidence."

Section 366 of the New York code provides that if the defendant failed to appear before the justice, and it is shown by affidavit that manifest injustice has been done, and he satisfactorily excuses his default, the county court on appeal may, in its discretion, set aside or suspend the judgment, and order a new trial before the justice, etc. Voorhies' New York Annotated Code.

The case of *Carroll* v. *Goslin*, 2 E. D. Smith (N. Y.) 376, arose under this section of the code. The petitioner sought to have relief from a judgment by default before a justice, on the ground that the process, if served at all, had not been served in a manner to apprise him of the action. The court, in passing upon the application, stated the general rule, that the return of the constable gives the court jurisdiction, and

can not be impeached collaterally, and then said: "No such question, however, arises here. This is an application to open the judgment, and not a collateral proceeding, and the court will inquire into any facts and circumstances which go to excuse the defendant's default; and if it appear that he was misled, or not sufficiently advised of what was required of him by the summons, from the improper or defective manner in which it was served, the court would hold the default sufficiently excused."

Proof was received to show that all the officer did was to hold up a piece of paper and say, " Here is a paper for you in the Marine Court," and then went away. That evidence, so far, was allowed to contradict the officer's return, for the purpose of showing that the defendant had an excuse for not appearing to the action. The principal opinion is fully supported by the opinion of SHAW, C. J., in the case of *Brewer* v. *Holmes*, 1 Met. (Mass.) 288. See, also, as supporting the above cases, although indirectly, *Hunter* v. *Lester*, 18 How. Pr. 347.

Mr. Freeman, in his work on Judgments, at section 109, in speaking of the statutes authorizing relief from judgments by default, says: " In applications under these statutes the parties are at liberty to contradict the record, and to establish, by any competent evidence, the truth of the facts upon which their claim to relief is based."

These authorities fully sustain the conclusion reached in the principal opinion, that, under the statute, for the purpose of rendering an excuse for not appearing and defending the action, the defaulted party may show that the summons was not in fact served upon him, and that hence he had no knowledge of the action.

Petition for a rehearing overruled.

HOWK and ELLIOTT, JJ., again dissent.

Filed Jan. 21, 1886.